■ In the Matter of MASCONY TRANSPORT AND FERRY SERVICE, INC., Respondent, v JONATHAN RICHMOND et al., Constituting the Planning Board of the Village of Greenport, Appellants, and EAST END SUPPLY CO., INC., et al., Intervenors-Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Village of Greenport denying petitioner's application for approval of its site plan for a ferry terminal, the appeals, as limited by appellants' brief, are from so much of a judgment of the Supreme Court, Suffolk County, entered April 17, 1979, as (1) annulled the resolution of the planning board and directed it to approve the petitioner's site plan with reasonable modifications and conditions, and (2) adjudged that "such part of the Zoning Ordinance as amended limiting the size of ferries does not apply to the petitioner". Judgment reversed insofar as appealed from, on the law, with one bill of $50 costs and disbursements payable jointly to appellants appearing separately and filing separate briefs, the determination of the appellant planning board is confirmed and the proceeding is dismissed on the merits. In our opinion, the determinations of the Greenport Village Planning Board, dated March 3, 1978 and October 5, 1978, were neither arbitrary nor capricious and were supported by substantial evidence. Special Term therefore erred by annulling the prior determination (March 3, 1978) and remanding the matter to the board for further consideration, and by annulling the later determination (October 5, 1978), thereby impermissibly substituting its own judgment for that of the local board (see *Matter of Fiore v Zoning Bd. of Appeals of Town of Southeast,* 21 NY2d 393; *Matter of Davison v Segur,* 24 AD2d 797; Village of Greenport Code, § 85-32). Contrary to Special Term's decision, the planning board was under no duty, after disapproving the site plan, to suggest "reasonable alternative measures" which petitioner might take to secure approval of its site plan. Both the Village Law (§ 7-725, subd 1, par a) and the Greenport Village Code (§ 85-32, subd C, par [5]), expressly authorize the planning board to disapprove a site plan with no requirement of further action. It was also proper for the planning board to apply the newly enacted provision of the village code restricting the size of ferries for use in Greenport terminals in the determination dated October 5, 1978 (Greenport Village Code, § 85-10, subd A, par [2]). Such application was in accord with the general rule that the law as it exists at the time of the decision is controlling (see *Matter of Demisay, Inc. v Petito,* 31 NY2d 896). The so-called "special facts exception" is not applicable in the instant case, since the planning board has neither wrongfully withheld its approval nor engaged in undue delay in acting upon the site plan application made prior to the enactment of the amended ordinance (see Greenport Village Code, § 85-32, subd C, par [5]; cf. *Matter of Faymor Dev. Co. v Board of Stds. & Appeals of City of N. Y.,* 45 NY2d 560; *Matter of Pokoik v Silsdorf,* 40 NY2d 769; *Matter of Golisano v Town Bd. of Town of Macedon,* 31 AD2d 85). We have considered petitioner's remaining contentions and find them to be without merit. Damiani, J. P., Gulotta and Shapiro, JJ., concur.

Titone, J., dissents and votes to affirm the judgment insofar as appealed from, on the opinion of Mr. Justice Bracken at Special Term.