■ STATE OF NEW YORK, HIGHER EDUCATION SERVICES CORPORATION, Respondent, v TIMOTHY E. BLEWETT, Appellant. — Appeal from an order and judgment of the Supreme Court at Special Term (Pitt, J.), entered May 28, 1981 in Albany County, which granted plaintiff's motion for summary judgment and denied defendant's cross motion for discovery and inspection. In May, 1973, defendant executed a promissory note to the Buffalo Savings Bank in the amount of $2,835.48. The note was guaranteed by the New York Higher Education Assistance Corporation, plaintiff's predecessor, and after defendant defaulted on the note, plaintiff paid the balance owing to the Buffalo Savings Bank in March, 1975. In July, 1980, plaintiff commenced this action to recover the funds paid to the bank. Defendant's answer asserted as an affirmative defense that defendant was discharged in bankruptcy on November 1, 1974. Plaintiff moved for summary judgment, alleging that defendant had failed to schedule plaintiff as one of his creditors in the bankruptcy proceeding. Defendant conceded this failure but asserted that plaintiff had actual knowledge of the pending proceeding. Special Term granted plaintiff's motion and this appeal ensued. "[A] discharge [in bankruptcy] is effective unless there be neither 'due scheduling' nor 'notice or actual knowledge' of the bankruptcy proceedings" (*Chevron Oil Co. v Dobie*, 40 NY2d 712, 715). Since it is conceded that defendant failed to duly schedule plaintiff as a creditor, defendant's discharge in bankruptcy is ineffective unless plaintiff had notice or actual knowledge of the bankruptcy proceeding at a time when it could have acted to preserve its claim. In an affidavit in support of plaintiff's motion, an employee of the plaintiff stated that an inspection of the appropriate records maintained by plaintiff revealed that plaintiff had received no notice of the pending bankruptcy proceeding and that it had no knowledge of the proceeding until July, 1978, long after the discharge. In response, defendant's counsel submitted an affidavit alleging, upon information and belief, that the Buffalo Savings Bank had notified plaintiff in writing of the pending bankruptcy proceeding in October, 1974, when the bank requested plaintiff to honor its guarantee. The source of this information and belief was alleged to be "officials of the Buffalo Savings Bank". "[W]here the moving party has demonstrated its entitlement

to summary judgment, the party opposing the motion must demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for his failure to do so, and the submission of a hearsay affirmation by counsel alone does not satisfy this requirement" (*Zuckerman v City of New York,* 49 NY2d 557, 560). Here, the affidavit of defendant's counsel contains no excuse for the absence of a sworn statement from the unnamed bank officials who provided the information. Moreover, despite defense counsel's assertion that the written notification of the bankruptcy proceeding purportedly given plaintiff by the bank is in plaintiff's files, no attempt has been made by defense counsel to accept plaintiff's offer to allow inspection of its files. Under these circumstances, defendant has failed to meet his burden in opposing plaintiff's motion for summary judgment (see *R. C. S. Farmers Markets Corp. v Great Amer. Ins. Co.,* 82 AD2d 1000), and, accordingly, the order granting plaintiff's motion must be affirmed. Order and judgment affirmed, with costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.