■ EAST CLINTON DEVELOPERS, INC., Respondent, v TOWN OF CLINTON, Appellant, and GLORIA CHAMBERS, Intervenor-Respondent. — In an action, *inter alia,* to declare invalid the 1974 zoning ordinance of the Town of Clinton insofar as it applies to plaintiff's property (the ordinance placed plaintiff's property in a district designated "Medium Density Agricultural Residential" and precluded it from conducting a soil mining activity on its land), the defendant town appeals from an order of the Supreme Court, Dutchess County (Gurahian, J.), dated May 4, 1981, which granted plaintiff's motion for summary judgment and declared that the zoning law was void "as having been illegally adopted". Appeal dismissed, without costs or disbursements. The order is vacated, insofar as it granted summary judgment on plaintiff's claim for injunctive relief. The appeal is academic in view of defendant's enactment of a comprehensive zoning ordinance on October 13, 1981, purportedly in accordance with the provisions of article 16 of the Town Law. Said ordinance effectively supersedes the prior zoning law, adopted as Local Law No. 3 of 1974. It is well settled that an appellate court must decide a case on the basis of the zoning law as it exists on the date of its decision (*Matter of Mascony Transp. & Ferry Serv. v Richmond,* 49 NY2d 969, affg 71 AD2d 896; *Matter of Demisay, Inc. v Petito,* 31 NY2d 896; *Matter of Stato v Squicciarini,* 59 AD2d 718). There is no indication of undue delay or wrongful withholding of approval on the part of defendant so as to bring this matter within the "special facts exception" (*Matter of Mascony Transp. & Ferry Serv. v Richmond,* 71 AD2d 896, *supra*). Accordingly, the 1981 ordinance is the applicable law and the matter is dismissed as moot. Mollen, P. J., Titone, Thompson and Rubin, JJ., concur.

■ FANCY INDUSTRIES, INC., Appellant, v COMMERCE LABOR INDUSTRY CORPORATION OF KINGS, Respondent. — In a declaratory judgment action, plaintiff appeals from so much of an order of the Supreme Court, Kings County (Vaccaro, J.), dated March 11, 1980, as denied its motion to enjoin defendant from taking other proceedings pending determination of this action, and provided that all disclosure proceedings be conducted and completed, and the action be set down on the Trial Term Calendar, by and for a date certain. Order affirmed, insofar as appealed from, with $50 costs and disbursements, and matter remitted to Special Term for further proceedings in accordance herewith. The order directing a trial of the action immediately after the completion of expedited disclosure proceedings is a proper exercise of the court's discretion. The defendant's statement in its brief on appeal, that it "has no objection to this action being tried in the Supreme Court *if Justice Vaccaro's Order expediting discovery and providing for an immediate trial is affirmed"* (emphasis in original), has made consideration of the denial of the plaintiff's application for a preliminary injunction unnecessary. The other issues raised by the plaintiff are dehors the record and have not been considered by us. Gibbons, J. P., Weinstein, Thompson and Rubin, JJ., concur.