■ In the Matter of ALSCOT INVESTING CORP., Appellant, v INCORPORATED VILLAGE OF ROCKVILLE CENTRE et al., Respondents. (Proceeding No. 1.) In the Matter of ALSCOT INVESTING CORP., Respondent-Appellant, v BOARD OF TRUSTEES OF THE INCORPORATED VILLAGE OF ROCKVILLE CENTRE et al., Appellants-Respondents. (Proceeding No. 2.) — In two proceedings pursuant to CPLR article 78, *inter alia,* to compel the approval and issuance of sign permits to petitioner Alscot Investing Corp., (1) Alscot Investing Corp. appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Harwood, J.), dated March 14, 1983, as dismissed its first, second, fourth and fifth causes of action in proceeding No. 1 and (2) the parties in proceeding No. 2 cross-appeal from a judgment of the same court, also dated March 14, 1983, which directed the issuance of a permit for construction of a roof sign and dismissed Alscot Investing Corp.'s first, second, fourth and fifth causes of action in that proceeding. Judgment in proceeding No. 1 affirmed, insofar as appealed from, without costs or disbursements. Cross appeal by Alscot Investing Corp. from the judgment in proceeding No. 2 dismissed, without costs or disbursements, as improperly perfected. On appellants-respondents' appeal, judgment in proceeding No. 2 reversed, insofar as appealed from by them, on the law, without costs or disbursements, and proceeding No. 2 is dismissed on the merits in its entirety. Subsequent to Special Term's decision, the village amended chapter 104 of the Rockville Centre Code, adopted as Local Law No. 5 (eff Dec. 13, 1982). Under the law now in effect petitioner may not have a permit for the roof sign it seeks. As a general rule the law as it exists at the time a decision is rendered on appeal is controlling (*Matter of Mascony Transp. & Ferry Serv. v Richmond,* 49 NY2d 969, affg 71 AD2d 896; *Matter of Demisay, Inc. v Petito,* 31 NY2d 896; *East Clinton Developers v Town of Clinton,* 88 AD2d 581). Review of the record does not demonstrate that the case fits within the "special facts exception" to the general rule so as to preclude application of the amended law. We do not find evidence of bad faith or undue delay on the part of the village in acting upon petitioner's application as to entitle petitioner to equitable relief (cf. *Matter of Faymor Dev. Co. v Board of Stds. & Appeals,* 45 NY2d 560; *Matter of Pokoik v Silsdorf,* 40 NY2d 769; *Matter of Temkin v Karagheuzoff,* 34 NY2d 324). In light of our decision we do not pass on the validity of the resolution imposing a moratorium on the issuance of sign permits. We note, however, that Special Term did not abuse its discretion in refusing to convert petitioner's first and second causes of action in each of the proceedings to actions for declaratory judgments, since relief pursuant to CPLR article 78 would have been adequate in this case (cf. CPLR 103, subd [c]; cf. *Matter of Kovarsky v Housing & Dev. Admin.,* 31 NY2d 184, 191-192; *Matter of Lincoln Ave. Assoc. v Town of Islip,* 96 AD2d 946). Even if we were to convert and sever those causes of action in each of the proceedings and to accept petitioner's challenge to the moratorium resolution, petitioner would not be benefited because there is no evidence that it acquired vested rights or that it otherwise suffered damage as a result of its previous endeavors to acquire the subject permits (see *Matter of Rubin v McAlevey,* 29 AD2d 874). Gibbons, J. P., Bracken, Brown and Niehoff, JJ., concur.