■ In the Matter of Bun & Burger of Rockefeller Plaza, Inc., Appellant-Respondent, v City of New York Department of Buildings et al., Respondents. Lee National Corporation, Intervenor-Respondent-Appellant. — Order and judgment (one paper), Supreme Court, New York County (Blyn, J.), entered November 7, 1984, dismissing a petition in a CPLR article 78 proceeding which sought to vacate a decision of the Board of Standards and Appeals dated January 11, 1984, which affirmed a previous decision of the Department of Buildings, revoking previously granted building work permits and denying an application for restoration of the permits, unanimously modified, on the law, without costs, to grant the motion of the owner, Lee National Corporation, for leave to intervene, and otherwise affirmed.

We agree with Special Term for the reasons set forth in its thoughtful and persuasive opinion that the decision of the Board of Standards and Appeals, affirming prior decisions of the Department of Buildings revoking as invalid previously issued work permits and refusing an application to restore them, correctly construed Administrative Code of the City of New York § C26-109.5, and accordingly was not arbitrary or capricious or affected by an error of law.

Because of the unusual interaction of events in this matter, and to avoid any possible misunderstanding of the meaning of this court's decision by the Department of Buildings or the trial court in which the litigation is pending between the petitioner (net lessee of the concerned premises) and the fee owner, we think it appropriate to make the following additional observations.

In concluding that the originally issued permits were invalid and properly revoked thereafter by the Department of Buildings because the fee owner had not consented to the application and there was an unresolved issue of law as to the petitioner's legal authority to undertake the alterations in the absence of consent, the Board of Standards and Appeals properly stressed two points. First, that neither that Board nor the Department of Buildings possesses the jurisdiction to apply landlord and tenant law or to interpret the rights of parties under leases drawn up between themselves. Second, that until the resolution of the lease dispute in the litigation then pending, and still pending, in the courts, the Department of Buildings was unable to determine whether the lessee may be deemed an owner of the premises within the meaning of Administrative Code § C26-109.5.

We agree that the dispositive issue is whether, under the lease governing the relationship between the two parties in interest (the net lessee and the fee owner), the net lessee had the legal right to undertake the alterations that were authorized in the originally issued permits. That issue is central to the litigation that has been pending in the trial court for some time. If it should be ultimately determined in that lawsuit that the net lessee had the legal right to undertake such alterations, it would follow that the net lessee was legally authorized to apply for the permits in question even though it was an error to have done so before that legal right had been judicially determined.

Almost all of the work contemplated under the permits has been done at a very considerable expense, resulting in a restaurant that has been functioning for some period of time. Pending the judicial determination of the dispositive issue described above, there would appear to be no justification for requiring the net lessee to restore the premises to their original condition.

We further note that under CPLR 7802 (c), the fee owner was entitled to be joined as a party, and we modify the order accordingly to grant the fee owner's motion to intervene. Concur — Sandler, J. P., Sullivan, Bloom and Milonas, JJ.