■ In the Matter of CHARLES HATCHER et al., Respondents, v PLANNING BOARD OF THE VILLAGE OF NELSONVILLE et al., Appellants. — In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the approval of a site plan, the Planning Board of the Village of Nelsonville and the Village Clerk of Nelsonville appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Putnam County (Dickinson, J.), dated April 2, 1984, as directed them to accept those aspects of the petitioners' application for site plan approval as pertain to the number of units, the spacing of buildings, the height of buildings, and an on-site sewerage disposal system, and remitted the matter to the planning board for consideration of a final site plan, which, *inter alia,* is to be in accordance with the village zoning ordinance, the regulations of the New York State Department of Environmental Conservation "and similar laws".

Judgment reversed insofar as appealed from, on the law, without costs or disbursements, and proceeding remitted to Special Term for a hearing on the issue of bad faith in accordance herewith.

Preliminarily, we note that Special Term's determination which, *inter alia,* rejected the respondent planning board's attempt to impose a greater density requirement than that which existed in the then applicable zoning ordinance, was correct at the time it was made (*see, Dean Tarry Corp. v Friedlander,* 103 Misc 2d 435, *revd on other grounds* 78 AD2d 546).

However, subsequent to the entry of judgment in the instant proceeding, the Board of Trustees of the Village of Nelsonville enacted a new zoning ordinance, effective August 8, 1984, which substantially changed, *inter alia,* the density requirements of the district in which petitioners seek to build garden apartments (Local Laws, 1984, No. 1 of Village of Nelsonville).

Although Special Term's determination on the density requirement was correct at the time it was made, it is a "general rule that the law as it exists at the time a decision is rendered on appeal is controlling" (*Matter of Alscot Investing Corp. v Board of Trustees,* 64 NY2d 921, 922; *Matter of Mascony Transp. & Ferry Serv. v Richmond,* 49 NY2d 969, *affg* 71 AD2d 896, for

reasons stated in mem at App Div; *Matter of Demisay, Inc. v Petito,* 31 NY2d 896). For that reason alone, reversal of the judgment insofar as appealed from is mandated. Nevertheless, an exception to the general rule has been carved out by the courts, namely, "village officials may not, in bad faith, delay [or deny] approval of a properly submitted and conforming building plan while they alter a zoning ordinance to bar the prospective development" *(Klein Enters. v Braatz,* 51 AD2d 1021, 1022; *Matter of Gardiner v Lo Grande,* 83 AD2d 614, *affd* 60 NY2d 673; *see also, Matter of Pokoik v Silsdorf,* 40 NY2d 769; *Matter of Faymor Dev. Co. v Board of Stds. & Appeals,* 45 NY2d 560). Indeed, a finding of bad faith on the part of the village officials will preclude reliance by the latter on the new law *(Matter of Faymor Dev. Co. v Board of Stds. & Appeals, supra).*

An examination of the instant record suggests the possibility of bad faith on the part of village officials. Consequently, a hearing is necessary to fully resolve this issue. Mangano, J. P., Gibbons, Niehoff and Lawrence, JJ., concur.