■ In the Matter of TOWN OF ISLIP, Respondent, v ALAN SCHNEIDER et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Suffolk County Department of Civil Service (hereinafter the department), the appeals are (1) from a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated March 7, 1984, which, *inter alia,* granted the application to the extent that it annulled the department's certification of a civil service position and directed it to issue a new certification, and (2) as limited by the appellants' brief, from so much of an order of the same court, entered September 14, 1984, as, upon reargument, adhered to the original determination.

Appeal from the judgment dismissed, without costs or disbursements. That judgment was superseded by the order.

Order reversed insofar as appealed from, on the law, without costs or disbursements, judgment vacated, and proceeding dismissed on the merits.

In June 1983, the Town of Islip (hereinafter the town) submitted a "New Position Duties Statement" to the department requesting the certification of a new civil service position entitled "Public Safety Officer". The statement included a description of the duties and responsibilities of the position under which the town wished to employ individuals to patrol and protect town and public property and enforce specific town ordinances.

On June 30, 1983, the department certified the position submitted by the town as "Park Ranger I", an existing civil service title.

Upon review, Special Term concluded that the variations between the duties of the "Park Ranger I" classification and the new position sought by the town existed "to such an extent as to emasculate the job description enunciated in the [town's] New Position Duties Statement".

However, upon oral argument of this appeal, the parties conceded that effective March 22, 1985, the job specification for the "Park Ranger I" classification was amended to provide under "Distinguishing Features of the Class" that "[w]hen this position is used in municipalities other than the County, facilities other than parks may be included in the watch assignments". Based upon the now expanded scope of the "Park Ranger I" classification, the duties described in the town's "New Position Duties Statement" are sufficiently similar in scope to those under the existing "Park Ranger I" classification, that certification of the new civil service position urged by the town is unwarranted. "As a general rule the law as it exists at the time a decision is rendered on appeal is controlling" *(Matter of Alscot Investing Corp. v Incorporated Vil. of Rockville Centre,* 99 AD2d 754, *affd* 64 NY2d 921). In light of these circumstances, Special Term's order must be reversed and its judgment vacated. Lazer, J. P., Mangano, Gibbons and Weinstein, JJ., concur.