SECOND DEPARTMENT, SEPTEMBER, 1990

(September 10, 1990)

■ LEON DELMARCO, Respondent, v ZONING BOARD OF APPEALS OF THE TOWN OF BABYLON et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Zoning Board of Appeals of the Town of Babylon to conduct a public hearing with respect to the petitioner's use and area variance application, the Zoning Board of Appeals of the Town of Babylon appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Suffolk County (Fierro, J.), entered March 31, 1989, as held that residential uses are permitted in the subject area so that no use variance is required for the proposed mixed residential and office use.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the fifth and sixth decretal

paragraphs of the judgment, which held that residential uses are permitted in the subject area so that no use variance is required for the proposed mixed residential and office use, are deleted.

The petitioner submitted to the Town of Babylon Planning Board a site plan modification to build a second story on an existing one-story structure. The structure is currently used as an office, and the addition was to consist of office space and two residential apartments. The site plan was approved, "subject to [the respondent, Zoning Board of Appeals of the Town of Babylon] granting the associated variances". Accordingly, the petitioner submitted an application to the Zoning Board for a use variance and a relaxation of the parking requirement from 30 to 26 spaces. No action was taken on the application for over three months.

The petitioner brought the instant proceeding to compel the Zoning Board to hear his application. In ordering that relief, the Supreme Court determined that the proposed mixed residential and office use was permitted in the subject "E" Business District, so that no use variance was required. The appellants claim that the court improperly usurped the Zoning Board's discretion.

We note that subsequent to the entry of the judgment in the instant proceeding, the Town Board of the Town of Babylon, on September 12, 1989, amended the subject ordinance, Town of Babylon Code § 213-130, to specifically prohibit residential uses in an "E" Business District.

It is a "general rule that the law as it exists at the time a decision is rendered on appeal is controlling" (Matter of Alscot Investing Corp. v Board of Trustees, 64 NY2d 921, 922). For that reason alone, reversal of the judgment insofar as appealed from is mandated. We note that a review of the record does not disclose any bad-faith delay by the town in rendering a decision (cf., Matter of Hatcher v Planning Bd., 111 AD2d 812, 813). We note that a statutory stay has been in effect pending this appeal (see, CPLR 5519 [a] [1]). Kunzeman, J. P., Harwood, Balletta and O'Brien, JJ., concur.