■ In the Matter of 600 WEST 115TH STREET CORP., Appellant, v CITY OF NEW YORK et al., Respondents.—Judgment, Supreme Court, New York County (Ira Gammerman, J.),

entered January 2, 1990, dismissing petitioner-appellant's petition filed pursuant to CPLR article 78, unanimously affirmed, without costs.

The determination of the Department of Consumer Affairs to discontinue consideration of petitioner-appellant's application for construction and maintenance of an enclosed sidewalk cafe in front of leased restaurant premises located at 600 West 115th Street, in Manhattan, was not arbitrary and capricious in light of an ongoing dispute between petitioner-appellant and the condominium building's board over control of the sidewalk area in question, as well as the Community Board's recommendation that the application be denied because of expressed community concern regarding obstruction of pedestrian traffic. As the Department of Consumer Affairs has no authority to resolve any dispute over control existing between petitioner-appellant and the condominium involved, it acted rationally and reasonably in determining to discontinue processing petitioner-appellant's application. *(See, Matter of Bun & Burger v City of N. Y. Dept. of Bldgs.,* 111 AD2d 140.)

As petitioner-appellant was well aware of the problem involving consent to its application, and as the determination of the Department of Consumer Affairs was not arbitrary or capricious in the circumstances, equitable estoppel relief is inappropriate. *(See, Matter of Alscot Investing Corp. v Board of Trustees,* 99 AD2d 754, *affd* 64 NY2d 921.) Concur—Murphy, P. J., Milonas, Ross and Asch, JJ.