■ In the Matter of EDWARD F. CAMPBELL, JR., et al., Appellants, v HENRY ROSE et al., Respondents. [634 NYS2d 137] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Zoning Appeals of the Town of Hempstead dated November 18, 1992, which, after a hearing, found the respondent Mary Carson's commercial use of her home to be a legal nonconforming use, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Goldstein, J.), entered May 11, 1994, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, and the determination is annulled.

Beginning in the late 1920's, the father of the respondent Mary Carson operated a greeting card business from his home.

In 1930, zoning laws were enacted which prohibited the commercial use of the premises. However, since the commercial use of the premises began prior to 1930, it was a legal nonconforming use. In 1959, Mary Carson started a business compiling mailing lists from the same house. Her father discontinued his business in the early 1970's, and her business has continued until the present.

There is no merit to Mary Carson's contention that her use of the premises is a continuation of her father's legal nonconforming use. Mary Carson's father abandoned his legal nonconforming use when the greeting card business ceased to operate in the early 1970's *(see, Matter of Marzella v Munroe,* 69 NY2d 967; *Matter of Daggett v Putnam,* 40 AD2d 576). Moreover, "[the] right to continue a nonconforming use does not include the right to extend or enlarge such a use" *(Matter of Smith v Board of Appeals,* 202 AD2d 674, 676; *see, Garcia v Holze,* 94 AD2d 759). "[I]n the absence of an ordinance to the contrary, a property owner has no right to substitute a new nonconforming use for an existing nonconforming use despite the generic similarity of the uses" *(Garcia v Holze, supra,* at 760; *see, e.g., Matter of Calcagni Constr. Co. v Zoning Bd. of Appeals,* 56 AD2d 845). Mary Carson's contention to the contrary notwithstanding, her use of the premises is not merely a continuation of her father's legal nonconforming use, but a new nonconforming use. Accordingly, Mary Carson's business has been an illegal nonconforming use *ab initio,* and her application for a permit for that nonconforming use was improperly granted. Thompson, J. P., Joy, Goldstein and Florio, JJ., concur.