■ In the Matter of BOARDWALK MANAGEMENT CORP., Appellant, v TOWN OF SOUTHAMPTON ZONING BOARD OF APPEALS et al., Respondents. [641 NYS2d 710] —In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Southampton Zoning Board of Appeals dated March 5, 1993, which, *inter alia,* refused to declare the use of the subject premises as a nightclub a preexisting use, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered August 10, 1994, which dismissed the petition.

Ordered that the judgment is affirmed, with costs.

The petitioner owns and operates a nightclub in Southampton known as the "Seaport". One of the prior tenants of the premises, Shirley-Lou's Restaurant, applied for a building permit on March 30, 1972, to renovate the premises. In this application, Shirley-Lou's Restaurant stated that the "existing use" was as a "bar, restaurant & warehouse" and that the "intended use" was as a "restaurant". The Town of Southampton Zoning Ordinance was amended on May 2, 1972, effective May 22, 1972, to limit the definition of "restaurant" to exclude any form of bar or nightclub. The Town granted the certificate of occupancy on June 9, 1972. Even assuming that the petitioner's contention that a preexisting use as a bar and nightclub existed at the time Shirley-Lou's Restaurant submitted the application is true, we find that the Zoning Board's determination that Shirley-Lou's Restaurant abandoned its preexisting use by assuming a legal use under the Town of Southampton Zoning Ordinance of 1972 was supported by substantial evidence.

The Town of Southampton Zoning Ordinance of 1972 provides, *inter alia,* that "a RESTAURANT shall not be construed to include * * * any form of tavern, bar, nightclub, or similar entertainment establishment" (Town of Southampton Zoning

Ordinance No. 26, § 1-30-20.65). Under established case law, it is clear that the May 2, 1972, amendment to the zoning ordinance is applicable to this case, and thus, the determination must be decided upon the law as it now exists (*see, Matter of Mascony Transp. & Ferry Serv. v Richmond,* 49 NY2d 969; *Matter of Demisay, Inc. v Petito,* 31 NY2d 896; *Matter of Boardwalk & Seashore Corp. v Murdock,* 286 NY 494; *Matter of Aversano v Two Family Use Bd.,* 117 AD2d 665, 666; *Matter of Alscot Investing Corp. v Incorporated Vil. of Rockville Centre,* 99 AD2d 754; *East Clinton Developers v Town of Clinton,* 88 AD2d 581).

In light of our decision that the continued use of the premises as a bar or nightclub is illegal pursuant to Town of Southampton Zoning Ordinance No. 26, § 1-30-20.65, and is not a nonconforming use, it is unnecessary to address the petitioner's request for an area variance to enlarge this illegal use. Mangano, P. J., Balletta, Copertino and Hart, JJ., concur.