■ In the Matter of VITE, INC., Appellant, v ZONING BOARD OF APPEALS FOR TOWN OF GREENVILLE, Respondent. [723 NYS2d 239] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals for the Town of Greenville, dated January 7, 1999, which denied the petitioner's application for a certificate of nonconforming use or, in the alternative, for an area variance, the petitioner appeals from a judgment of the Supreme Court, Orange County (Perone, J.), dated November 29, 1999, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner is the owner of a parcel of real property located in the Town of Greenville. The property consists of 1.9215 acres and is located in the Ridge Preservation District on the Town's zoning map. There are two structures on the property. The main structure is a large, two-story Victorian building, with an area of approximately 7,100 square feet. Included in the main structure is a separate annex of approximately 1,100 square feet. The annex is a separate apartment, but is attached to the main structure. Also located on the property is a separate, detached dwelling which covers approximately 2,000 square feet.

In May and June of 1998, the petitioner applied to the Town's building inspector for a certificate confirming the status of its property exempting it from various area zoning requirements. The property had previously been used as a group home for recovering alcoholics. Although the Town's zoning laws required a minimum area of 10 acres for such use, the property had been permitted to be used as a group home because the use predated the zoning law. In the alternative, the petitioner sought an area variance to operate the property as a boarding house. The building inspector denied the application. The petitioner appealed the denial to the respondent, Zoning Board of Appeals for the Town of Greenville (hereinafter the Board). The Board granted the petitioner a partial area variance that would permit the use of the main structure as a two-family house, and otherwise denied its appeal. The petitioner then commenced this proceeding. The Supreme Court denied the petition and dismissed the proceeding. We affirm.

The Board's determination that the prior nonconforming use lapsed has a rational basis and is supported by substantial evidence (*see, Matter of Fuhst v Foley,* 45 NY2d 441; *Matter of Smith v Board of Appeals,* 202 AD2d 674). Pursuant to Greenville Zoning Law § 205-47 (A) (4), any nonconforming use may be continued indefinitely, but "shall not be re-established if

such use has been discontinued for any reason for a period of one year or more or has been changed to, or replaced by, a conforming use. The intent to resume a nonconforming use shall not confer the right to do so." Here, the evidence established that the corporate tenant which had operated the premises as a group home for recovering alcoholics abandoned the premises in May or June of 1996. Thereafter, the petitioner rented the annex and the detached dwelling to individuals as residences. Although the petitioner intended to obtain a tenant who would continue the group home use and made several efforts in that regard, it was unable to secure any such tenant, with the result that for a period of more than one year the property was not used as a group home. Thus, there was a clear cessation of the prior nonconforming use, and the petitioner's efforts at securing a new tenant, which merely evinced an intent to continue the use, did not confer a right to continue the nonconforming use after the one-year period lapsed (*see, Matter of Toys "R" Us v Silva,* 89 NY2d 411, 421; *Matter of Spicer v Holihan,* 158 AD2d 459).

There is also substantial evidence to support the Board's denial of the petitioner's alternative request for an area variance to permit the use of the property as a boarding house. Contrary to the petitioner's contentions, the record shows that the Board considered the benefits to the petitioner, any adverse impact which the granting of the variance would have on the health, safety, and welfare of the neighborhood, and the substantial nature of the variance sought (*see, Matter of Sasso v Osgood,* 86 NY2d 374; Town Law § 267-b [3]). The Board also acted appropriately in considering concerns expressed by the Town engineer and an adjoining property owner with respect to the subject property's septic system (*see, McGlasson Realty v Town of Patterson Bd. of Appeals,* 234 AD2d 462; *Matter of Segal v Zoning Bd. of Appeals,* 191 AD2d 873). Bracken, P. J., O'Brien, Goldstein and McGinity, JJ., concur.