TOWN BOARD OF TOWN OF SOUTHAMPTON, Appellant, v FRANK CREDIDIO et al., Respondents. [800 NYS2d 732]—

In an action, inter alia, to permanently enjoin the defendants from using or occupying mobile homes on the subject property as dwelling units or as a mobile home park, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Baisley, J.), dated July 1, 2004, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment permanently enjoining the defendants from using or occupying mobile homes on the subject property as dwelling units or a mobile home park.

The County of Suffolk owned the subject property from 1986 through 1995, and conveyed it to Hubert Jennings in September 1995. After acquiring ownership, the County in 1987 destroyed and removed trailers which were located on the subject property, and did not use the property for any purpose, including the location of mobile homes. Jennings conveyed the subject property to the defendant Frank Credidio who used the property as a mobile home park.

The plaintiff commenced the instant action, inter alia, to permanently enjoin the defendants' alleged illegal use of the subject property as dwelling units or as a mobile home park and moved for summary judgment. The plaintiff argued, in support

of its motion, that the defendants' use of the property for the location of mobile homes did not constitute a legal nonconforming use, and that any such legal nonconforming use of the property had been abandoned. The Supreme Court denied the motion, finding that there was a triable issue of fact. We reverse.

Southampton Town Code § 330-118 (A) (2) provides, in relevant part, that a nonconforming use shall be deemed to have been abandoned "when it has not in fact been actually used for a continuous period of three years." Here, the plaintiff established its prima facie entitlement to summary judgment by demonstrating that the subject property was not used as a mobile home park for a continuous three-year period, and that the previous owner had abandoned such nonconforming use (*see generally Matter of Boardwalk Mgt. Corp. v Town of Southampton Zoning Bd. of Appeals*, 226 AD2d 717 [1996]; *Matter of Campbell v Rose*, 221 AD2d 527 [1995]).

In opposition, the defendants failed to raise a triable issue of fact. The defendants had no legal right to place mobile homes on the property and to use the property as dwelling units or as a mobile home park after such nonconforming use had lapsed (*see Matter of Toys "R" Us v Silva*, 89 NY2d 411, 421 [1996]; *Matter of Vite, Inc. v Zoning Bd. of Appeals for Town of Greenville*, 282 AD2d 611, 612 [2001]; *Matter of Boardwalk Mgt. Corp. v Town of Southampton, supra; Matter of Campbell v Rose, supra; Matter of Spicer v Holihan*, 158 AD2d 459 [1990]). Therefore, the Supreme Court should have granted the plaintiff's motion for summary judgment. Cozier, J.P., S. Miller, Mastro and Rivera, JJ., concur.