■ VILLAGE OF WATERFORD, Respondent, v AMNA ENTERPRISES, INC., Appellant. [812 NYS2d 169]—

Carpinello, J. Appeal from an order and judgment of the Supreme Court (Nolan, Jr., J.), entered September 7, 2005 in Saratoga County, which partially granted plaintiff's motion for summary judgment permanently enjoining defendant from continuing its filling station operation.

At issue on this appeal is a parcel of real property located in a residential district within the Village of Waterford, Saratoga County. For many years, the property was owned by King Fuels and operated as a gas station by King or its tenant. Use of the property as a gas station was a preexisting nonconforming use under the village zoning ordinance. However, the ordinance required that "[i]f a nonconforming use of land is discontinued for a period of 12 consecutive months it shall not be renewed, and any subsequent use of the land shall conform to the regulations of the district in which the land is located." (Zoning Ordinance of Village of Waterford § 205-21.)

A King tenant operated a gas station on the property pursuant to a lease that terminated on March 31, 2002. It appears, however, that gas was sold by this tenant as late as April 9, 2002. After the tenant departed, not only was no gas sold but no business of any kind was conducted on the property. On January 5, 2004, defendant purchased the property intending to operate it as a gas station, automobile repair shop and convenience store. According to the deposition testimony of defendant's president, defendant began selling gas to the public on February 10, 2004. Defendant also began selling convenience store items and leased a portion of the property for use as an automobile repair shop.

Plaintiff commenced this action alleging that defendant's use of the property was not in conformance with the zoning ordinance. In particular, plaintiff alleged that the property had not been operated as either a gas station or automobile repair shop for a 12-month period prior to defendant's purchase of it and therefore the property had lost its nonconforming use status due to abandonment. Plaintiff further alleged that the property had never been operated as a retail establishment and that such use was neither a permitted use nor a prior nonconforming use. At issue is an order and judgment of Supreme Court which granted plaintiff summary judgment and enjoined defendant from continuing to operate a gas station on the property. Defendant appeals and we now affirm.

Plaintiff established its prima facie entitlement to summary judgment by demonstrating that between April 9, 2002, at the very latest, and January 5, 2004, at the very earliest, the property was simply not operated as a gas station by any entity, and therefore the nonconforming use had been abandoned (*see Town Bd. of Town of Southampton v Credidio*, 21 AD3d 547, 548 [2005]; *see generally Matter of Prudco Realty Corp. v Palermo*, 60 NY2d 656 [1983]; *Matter of Town of Johnsburg v Town of Johnsburg Zoning Bd. of Appeals*, 299 AD2d 796, 800-801

[2002]; *Matter of Estate of Cuomo v Rush*, 273 AD2d 234, 234-235 [2000]; *Matter of New Venture Realty v Fennell*, 210 AD2d 412, 413 [1994]; *Darcy v Zoning Bd. of Appeals of City of Rochester*, 185 AD2d 624 [1992]). In opposition, defendant failed to raise a triable issue of fact. First, evidence that King had been marketing the property for sale during the relevant time period did not confer a right to continue the nonconforming use after the 12-month period had lapsed (*see Matter of Vite, Inc. v Zoning Bd. of Appeals for Town of Greenville*, 282 AD2d 611, 612 [2001]).

Moreover, defendant failed to submit proof in admissible form that gas was actually dispensed as part of an arm's length commercial transaction during the relevant time period. While King's vice-president initially averred that he personally dispensed gas on February 28, 2003 and March 1, 2003, he subsequently testified that he did not dispense gas on those days but sent another King employee to do so. No affidavit or other sworn testimony was submitted by this employee establishing that the gas station was indeed open for retail business on these days, nor has defendant provided an excuse for his failure to do so (*see e.g. Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]; *Maniscalco v Liro Eng'g Constr. Mgt.*, 305 AD2d 378, 380 [2003]; *State of N.Y., Higher Educ. Servs. Corp. v Blewett*, 87 AD2d 907, 908 [1982]; *compare Egleston v Kalamarides*, 58 NY2d 682, 684 [1982]). Thus, defendant failed to submit proof in admissible form to establish actual *retail sales* and failed to raise a question of fact sufficient to overcome plaintiff's right to summary judgment. Since the nonconforming use lapsed as of April 9, 2003, at the very latest, defendant had no legal right to operate a gas station on the property when it purchased it the following January, and Supreme Court properly granted summary judgment to plaintiff and declared that the nonconforming commercial use was abandoned (*see Town Bd. of Town of Southampton v Credidio, supra*).*

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the order and judgment is affirmed, without costs.

 ---

* While King may have lacked the intent to abandon, the inclusion of a lapse period within the zoning ordinance forecloses any inquiry into its intent (*see Darcy v Zoning Bd. of Appeals of City of Rochester, supra; Matter of Pica v Bennett*, 164 AD2d 859, 862 [1990]; *Matter of Sun Oil Co. of Pa. v Board of Zoning Appeals of Town of Harrison*, 57 AD2d 627, 628 [1977], *affd* 44 NY2d 995 [1978]).