*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 16, 2014                517813
_____

In the Matter of BENJAMIN L.
    LAUGHLIN et al.,
                        Appellants,

        v
                                        MEMORANDUM AND ORDER
MICHAEL PIERCE et al.,
    Constituting the Town
    Planning Board of the Town
    of Dix, et al.,
                        Respondents,
                        et al.,
                        Respondent.
_____


Calendar Date:   September 9, 2014

Before:   Lahtinen, J.P., Rose, Egan Jr., Lynch and Clark, JJ.

                        _____


        Scott D. Moore Law Office, PC, Elmira (Scott D. Moore of
counsel), for appellants.

        Hiscock & Barclay, LLP, Elmira (Justin Salkin of counsel),
for Michael Pierce and others, respondents.

                        _____


Lynch, J.

        Appeals (1) from a judgment of the Supreme Court (Sherman,
J.), entered March 21, 2013 in Schuyler County, which, in a
proceeding pursuant to CPLR article 78, granted a motion by
certain respondents to dismiss the petition against them, and (2)
from an order of said court, entered August 21, 2013 in Schuyler
County, which denied petitioners' motion for reconsideration.

In November 2010, respondent Jason Bonsignore submitted an application to respondent Planning Board of the Town of Dix for site plan approval to reopen and expand the "Seneca Grand Prix Family Fun Park," which included miniature golf, bumper boats and a go-cart track.  In an introductory January 2010 letter to the Planning Board, Bonsignore summarized the proposed use and stated, as relevant here, "I understand the Park has not been open for a couple years and the previous operators let its appearance go."  In May 2011, the Planning Board approved the site plan, finding that the project qualified as a nonconforming use under the zoning ordinance of respondent Town of Dix.

Petitioners, who are adjacent property owners, commenced this CPLR article 78 proceeding seeking to annul the Planning Board's approval, contending that the property does not qualify as a nonconforming use.  In support of their petition, petitioners submitted the affidavit of Mark Tota, whose family operated a seasonal amusement park on the property from 1987 to September 2006.  According to Tota, the business ceased operations in September 2006 and was sold to Bonsignore's predecessor in title, William Goodwin, in October 2008, who in turn sold the property to Bonsignore in November 2010.

Pertinent here, the Town adopted a Zoning Code in January 2007.  Since an amusement park is no longer a principally permitted use, operation of an amusement park could continue only as a nonconforming use, i.e., "a use of property that is no longer authorized due to rezoning, but lawfully existed prior to the enactment of the existing zoning ordinance" (Matter of Toys R Us v Silva, 89 NY2d 411, 417 [1996]).  Article VIII of the Zoning Code addresses nonconforming uses and specifies that "the lawful use of land or buildings existing on [January 26, 2007, the effective date] may be continued although such use . . . does not conform" with the new law.  The Zoning Code further provides that "whenever a nonconforming use of land, premises, building or structure, or any part or portion thereof, has been discontinued for a period of [1½] years, such nonconforming use shall not be reestablished, and all future uses shall be in conformity with" the Zoning Code.

In September 2011, the Town, the Planning Board and the individual members of the Planning Board (hereinafter collectively referred to as respondents) filed a pre-answer motion to dismiss the petition pursuant to CPLR 7804 (f). Supreme Court (Argetsinger, J.) denied the motion, observing that, absent a variance, an evidentiary hearing would be necessary to determine whether the project qualified as a nonconforming use. Thereafter, by order to show cause, petitioners applied for an injunction precluding Bonsignore's operation of the park and an evidentiary hearing to address the underlying nonconforming use issue. Respondents opposed the application, relying on all prior submissions, as well as their answer to the petition. Supreme Court (Sherman, J.) remanded the matter to the Planning Board for a determination as to whether "the nonconforming use of the subject premises was discontinued for a period of [1½] years" prior to Bonsignore's site plan application. As reflected in the minutes of its meeting on January 22, 2013, the Planning Board determined "that there was no discontinuance of the nonconforming use for any period of 18 months" after the Zoning Code went into effect. By letter dated March 1, 2013, respondents' counsel forwarded this determination to Supreme Court and requested a dismissal of the petition. Treating this application as a request to decide respondents' initial motion to dismiss, Supreme Court dismissed the petition and further denied petitioners' motion for reconsideration. Petitioners' appeal ensued.

To begin, we reject respondents' contention that petitioners' challenge is barred by the statute of limitations for not having filed a separate CPLR article 78 proceeding challenging the Planning Board's January 2013 determination. As recited above, Supreme Court remanded the discontinuance issue to the Planning Board and held the proceedings in abeyance pending a response, as was the court's prerogative (see CPLR 7804 [e]; Siegel, NY Prac § 569 n 1). At that juncture, the only evidence before the Planning Board relative to the nonconforming use issue was Bonsignore's introductory letter, which actually indicated that the prior nonconforming use had been discontinued. Although the Planning Board made a cursory finding in its May 2011 approval that the project qualified as a nonconforming use, Supreme Court properly determined that the record needed to be further developed. Judicial review of an administrative

determination is limited to the facts and record established before the agency, which, in this case, includes both the May 2011 and January 2013 Planning Board determinations (compare Matter of Yarbough v Franco, 95 NY2d 342, 347 [2000]; Matter of World Buddhist Ch'An Jing Ctr., Inc. v Schoeberl, 45 AD3d 947, 951 [2007]).

Next, we agree with petitioners' contention that Supreme Court erred in dismissing the petition in response to the March 1, 2013 letter from respondents' counsel. Respondents maintain that a formal motion was unnecessary given that Supreme Court had revived their pre-answer motion to dismiss. This thesis fails for several reasons. First, the pre-answer motion was made pursuant to CPLR 7804 (f), which allows for objections in point of law but "proscribes dismissal on the merits" (Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County, 63 NY2d 100, 102 [1984]). The core issue here — whether the amusement park qualifies as a nonconforming use — speaks to the merits of the petition, and the facts were disputed. Moreover, issue had been joined by the time petitioners moved for an injunction and evidentiary hearing, and respondents relied upon their answer in opposing the application, but did not cross-move for relief. Supreme Court's order remanding the case to the Planning Board does not provide any indication that the court was endeavoring to revive respondents' pre-answer motion to dismiss. To the contrary, that order specified that the proceeding would be "held in abeyance, subject to re-submission with a record of the Planning Board's final determination." Significantly, respondents failed to provide the court with a certified record of the Planning Board's proceedings leading up to the January 2013 determination (CPLR 7804 [e]) and omitted the Tota affidavit from the submissions to the court. While we recognize that Supreme Court fashioned its March 2013 order as a determination of respondents' motion to dismiss, to do so was in error. In our view, a formal motion for summary judgment by respondents was required and the absence of same deprived petitioners of an opportunity to be heard on the merits.

Given these circumstances, both the judgment and order must be reversed and the matter remitted to Supreme Court for further proceedings. In this regard, we note that Article VIII of the

Zoning Code qualifies the discontinuance of a nonconforming use by the phrase "or any part or portion thereof," indicating that something less than a complete cessation of the nonconforming use results in an abandonment (see Matter of Toys R Us v Silva, 89 NY2d at 419-422 [1996]; Matter of Estate of Cuomo v Rush, 273 AD2d 234, 234 [2000]).  Moreover, inclusion of the 1½-year lapse period renders the owner's intent irrelevant (see Matter of Toys R Us v Silva, 89 NY2d at 421); Village of Waterford v Amna Enters., Inc., 27 AD3d 1044, 1046 n [2006]).  As set forth in the notes of respondent Michael DeNardo, which were adopted by the Planning Board, it appears that the Planning Board construed "discontinued" under the Zoning Code as meaning "the business is closed for all activities [that] the business was intended for, public or private, and that the business is not maintained to the standard or condition when it could open in a short or reasonable period of time."  This definition speaks to a complete cessation of activities to sustain an abandonment, and even a mere maintenance period as preserving the nonconforming use.  The Zoning Code states otherwise, and provides for an abandonment whenever "any part or portion" of the nonconforming use has been discontinued for the 1½-year lapse period.  We also note that neither the Planning Board nor Supreme Court has addressed whether the nonconforming use was in existence at the time the Zoning Code was enacted.  Further, Supreme Court has yet to address whether the proposed expansion to add a motorcycle track qualifies as a nonconforming use as defined under Article VIII of the Zoning Code.

Lahtinen, J.P., Rose, Egan Jr. and Clark, JJ., concur.

ORDERED that the judgment and order are reversed, on the law, with costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court