■ In the Matter of HUNTINGTON READY-MIX CONCRETE, INC., et al., Respondents, v TOWN OF SOUTHAMPTON et al., Appellants. — In a proceeding pursuant to CPLR article 78 to review a determination of the Town Council of the Town of Southampton which denied petitioner Huntington Ready-Mix Concrete, Inc.'s application for a permit to excavate sand and gravel, the appeal is from a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), dated May 5, 1983, which granted the petition, annulled the determination, and remitted the matter to the Town Council for issuance of the permit.

Case remitted to the Supreme Court, Suffolk County, for an evidentiary hearing consistent herewith to be held within 60 days of service upon appellants of a copy of the order to be made hereon, with notice of entry, and appeal held in abeyance in the interim. The hearing court shall file a report with all convenient speed.

While Special Term's decision was still pending, appellants' attorney wrote to the court, informing it that on March 8, 1983, provisions of the Town of Southampton zoning ordinance had been amended by the Town Council as part of an over-all updating of the town's master plan of 1970 which the Town Council had begun in September, 1980. The attorney noted that included among the zoning revisions was a provision changing sand gravel mining operations from a special exception use to a prohibited use in areas zoned for light industry and that the amendments became effective on March 27, 1983.

In its decision, Special Term noted the submission to it of "a certified copy of a resolution of the Town Board, dated March 8, 1983, amending Town Code Chapter 69 and which by its terms, may prohibit the use sought by petitioners in their application". Stating that it was constrained to decide the issues presented "on the law as it now exists", Special Term declined to address the issue of whether the amendment precluded petitioners from a grant of the permit requested because appellants "failed to show what date the ordinance is effective under the provisions of the Town Law".

We find that the ordinance did take effect on March 27, 1983, a fact conceded by petitioners. Under ordinary circumstances, Special Term would therefore have been bound to apply that law and to dismiss the petition upon the ground that the law as it existed at the time of its decision barred the use contemplated by

petitioners, inasmuch as a majority portion of the subject premises is located in an area zoned for light industry (*Matter of Demisay, Inc. v Petito,* 31 NY2d 896, 897; *Matter of Rosano v Town Bd.,* 43 AD2d 728, 729). However, we also agree with Special Term that petitioners would have been entitled as of right to the issuance of a permit under the ordinance as it existed at the time of the application and believe that the " 'special facts exception' " to the new ordinance (*Matter of Pokoik v Silsdorf,* 40 NY2d 769, 772) may well be applicable to the instant matter. We find the present record to be insufficient to make such a conclusion as a matter of law, Special Term not having addressed the issue, and therefore direct that court to conduct an evidentiary hearing to determine whether the ordinance as amended shall or shall not control; in the interim, the appeal is held in abeyance. The following facts, as gleaned from the record, are pertinent.

Petitioners' application for a mining permit was submitted in June, 1981 to the Town of Southampton. However, it was not until August, 1982, over a year later, in response to petitioner Frank Grausso's inquiry, that Grausso was told by respondent Town Supervisor Martin Lang that the application had been denied. In addition, later that month Lang advised Grausso that "you will get a permit over my dead body".

Petitioners' attorney subsequently advised appellants that the determination was premature and illegal since no public hearing had been held. A public hearing was subsequently scheduled for October 12, 1982. After the hearing, at which neither the Town Council, nor its consulting engineer, who was present, offered any criticism of petitioners' modified proposal, the Town Council adopted a resolution disapproving of the application without stating any reasons therefor.

Furthermore, following commencement of the instant proceeding, appellants sought an adjournment of its return date in January, 1983. Petitioners' attorney expressed concern to the court that appellants might attempt to amend the Town Code during the intervening period. Special Term (Cohalan, J.) assured him that if the town should attempt such an amendment, it would grant an order enjoining enforcement. The attorney also wrote to the Town Supervisor to notify the latter of his concern and that of the court and also to require that the town give notification of any attempt to amend the ordinance. Petitioners in fact were never notified of the actions of the Town Council until receipt of a letter from the town's attorney on April 27, 1983, stating that the Town Code had been amended, effective March 27, 1983, by action taken on March 8, 1983.

Although, as previously noted, we are unable to conclude as a matter of law that the "special facts exception" should apply, it may well be that the foregoing presents the type of situation which the Court of Appeals had in mind when it noted that a "zoning ordinance, as amended, [should] not apply and the arbitrary action of the board [should] not prevail" (*Matter of Pokoik v Silsdorf,* 40 NY2d 769, 772-773, *supra*). However, such a conclusion must await an evidentiary hearing by Special Term. Niehoff, J. P., Boyers, Lawrence and Eiber, JJ., concur.