█ In the Matter of HUNTINGTON READY-MIX CONCRETE, INC., et al., Respondents, v TOWN OF SOUTHAMPTON et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Town Council of the Town of Southampton which denied petitioner Huntington Ready-Mix Concrete, Inc.'s application for a permit to excavate sand and gravel, the appeal is from a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), dated May 5, 1983, which granted the petition, annulled the determination, and remitted the matter to the Town Council for issuance of the permit. By order of this court dated August 27, 1984, the case was remitted to the Supreme Court, Suffolk County, for an evidentiary hearing to determine whether the zoning ordinance of the Town of Southampton, as amended, should or should not control, and the appeal was held in abeyance in the interim (*Matter of Huntington Ready-Mix Concrete v Town of Southampton,* 104 AD2d 499). Special Term (Tanenbaum, J.) has filed its report dated January 2, 1985 with this court.

Judgment affirmed, with costs.

Special Term in its decision and judgment dated May 5, 1983, had held, and we agreed, that petitioners were entitled as of right to the issuance of a mining permit under the local zoning ordinance as it existed at the time of petitioners' application. Prior to issuance of that judgment, however, appellants had enacted amendments to the ordinance which,

*inter alia,* contained a provision changing sand and gravel mining operations from a special exception use to a prohibited use in areas in which most of petitioners' land was located. In our prior decision, we noted that, ordinarily, Special Term would be bound to apply the law as it existed at the time of its decision (*Matter of Demisay, Inc. v Petito,* 31 NY2d 896, 897; *Matter of Rosano v Town Bd.,* 43 AD2d 728, 729). However, we recognized that the " 'special facts exception' " to the new ordinance (*Matter of Pokoik v Silsdorf,* 40 NY2d 769, 772) might be applicable in this case. Therefore, the case was remitted to Special Term to conduct an evidentiary hearing, and the appeal was held in abeyance (*Matter of Huntington Ready-Mix Concrete v Town of Southampton, supra*). We now affirm.

Where an applicant is "entitled to the permit as a matter of right[,] * * * at the time of the application proper action upon the permit would have given him time to acquire a vested right", and an intervening amendment prohibits the sought use only by virtue of the local governing body's arbitrary actions and improper delay in acting on the application, then a " 'special facts exception' " exists to the usual rule which gives effect to the amended ordinance (*Matter of Pokoik v Silsdorf, supra,* pp 772-773).

It took 17 months from submission of the application for appellants to issue a decision denying it. Appellants caused this delay, *inter alia,* by telling petitioners to wait for action on their application until after the November 1981 elections, by failing to forward necessary applications to the Town Planning Board as they had represented they would do, by raising objections, when they did meet with petitioners, to various aspects of the plan (which objections petitioners met by modifying the plan), by further inaction and finally by refusal to hold a required public hearing until petitioners retained an attorney who spoke to the Town Attorney.

At the hearing, petitioners made a two-hour presentation of their plan and demonstrated that the plan complied with all required standards as set forth in the town ordinance. Appellants presented no evidence to controvert this testimony. Nevertheless, the Town Council denied the application.

When this proceeding came before Special Term, appellants requested and received an adjournment based on their failure to inform petitioners or the court that a public hearing had been held and a vote was anticipated on the amendments which would prohibit the uses sought by the petitioners.

Special Term and petitioners first learned, at the end of April 1983, that the council had met on March 8, 1983 and enacted these amendments, after all other papers to the proceeding had been submitted.

Special Term concluded, and we agree, that this conduct was "clearly designed to forestall a determination * * * until a new ordinance could be enacted", that the town "used dilatory and unfair tactics" to this end, and "that the petitioners were denied their right to issuance of the permit solely by the arbitrary action of the Town Council". Accordingly, the zoning ordinance, as amended, should not apply (*Matter of Pokoik v Silsdorf, supra*), and the judgment of Special Term should be affirmed. Brown, J. P., Niehoff, Lawrence and Eiber, JJ., concur.