■ In the Matter of SHARON B. and Another. WESTCHESTER COUNTY SOCIETY FOR THE PREVENTION OF CRUELTY TO CHILDREN, Appellant; NANCY L. et al., Respondents.—In a child abuse proceeding pursuant to Family Court Act article 10, the Westchester County Society for the Prevention of Cruelty to

Children appeals from an order of the Family Court, Westchester County (Mishkin, J.), dated April 19, 1984, which dismissed the proceeding.

Justice Mangano has been substituted for former Justice Lazer (see, 22 NYCRR 670.2 [c]).

Ordered that the order is modified, on the facts, by deleting the first decretal paragraph thereof which reads "ADJUDGED, that the allegations of the petition have not been established; it is therefor", and by adding to the second paragraph thereof the words "for lack of prosecution". As so modified, the order is affirmed, without costs or disbursements.

This appeal has been held in abeyance pending the submission of a notice of appearance by counsel for the appellant. The appellant's counsel has now complied.

The primary issue on this appeal concerns the propriety of the court's ruling that a nonattorney officer of the Westchester County Society for the Prevention of Cruelty to Children (hereinafter WCSPCC) could not represent WCSPCC in a litigated proceeding in the Family Court. At the time of the scheduled hearing, Kenneth Ellman, an officer of WCSPCC who is not an attorney, indicated that he was appearing on behalf of WCSPCC which had interposed a petition which alleged the neglect and abuse of two infant children. Mr. Ellman contended that he had the authority to represent WCSPCC pursuant to Judiciary Law §§ 478 and 484, which state, respectively, in relevant parts:

"§ 478. Practicing or appearing as attorney-at-law without being admitted and registered

"It shall be unlawful for any natural person to practice or appear as an attorney-at-law or as an attorney and counselor-at-law for a person other than himself in a court of record in this state or in any court in the city of New York * * * [p]rovided, however, that nothing in this section shall be held to apply (1) to officers of societies for the prevention of cruelty, duly appointed, when exercising the special powers conferred upon such corporations under section fourteen hundred three of the not-for-profit corporation law".

"§ 484. None but attorneys to practice in the state

"No natural person shall ask or receive, directly or indirectly, compensation for appearing for a person other than himself as attorney in any court or before any magistrate * * * but nothing in this section shall apply (1) to officers of societies for the prevention of cruelty, duly appointed, when exercising the special powers conferred upon such corpora-

tions under section fourteen hundred three of the not-for-profit corporation law".

The relevant portion of Not-For-Profit Corporation Law § 1403 states:

"§ 1403. Corporations for the prevention of cruelty * * *

"(b) Special powers. (1) A corporation formed for the purpose of preventing cruelty to children may prefer a complaint before any court, tribunal or magistrate having jurisdiction, for the violation of any law relating to or affecting children, and *may aid in presenting the law and facts to such court,* tribunal or magistrate in any proceeding therein" (emphasis supplied).

The issue thus concerns the proper interpretation of the underlined portion of Not-For-Profit Corporation Law § 1403 (b). It was the contention of WCSPCC both in the Family Court and on appeal that the relevant statutory language gives a nonattorney officer the right to represent WCSPCC and to act as its attorney throughout the litigated proceedings. Neither party has cited any case law which addresses the specific issue at hand.

We disagree with the interpretation urged by WCSPCC. The fact that Not-For-Profit Corporation Law § 1403 uses the words "may aid in" suggests that it was not the legislative intent to permit a nonattorney officer to be solely responsible for the representation of a society for the prevention of cruelty. Meaning must be given to each and every word of a statute whenever possible. Words should not lightly be rejected as superfluous *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 231). If the Legislature had intended to give full attorney status to a nonattorney officer, it could have specifically stated that to be the case.

Furthermore, the interpretation urged by WCSPCC would conflict with that part of CPLR 321 (a) which states that "a corporation * * * shall appear by attorney". Recently amended by the Legislature, CPLR 321 (a) contains four exceptions to the above rule, none of which relate to officers of societies for the prevention of cruelty to children. This omission is an indication that it was not the intent of the Legislature to confer attorney status upon officers of societies for the prevention of cruelty to children under Not-For-Profit Corporation Law § 1403. It is the function of the courts to harmonize statutes so as to provide a logical and unstrained interpretation to each. " 'If by any fair construction, a reasonable field of operation can be found for two statutes, that construc-

tion should be adopted' " *(People v Newman,* 32 NY2d 379, 390, *cert denied* 414 US 1163). In this case, the statutes may be harmonized by requiring societies for the prevention of cruelty to children to have attorneys of record, who may be assisted in the presentation of the case by an officer of the society. The presence of an attorney is not only necessary, but also beneficial, as an attorney has the peculiar knowledge and familiarity with general rules of procedure, including, but not limited to, the intricate rules of evidence, which knowledge a lay person may not have. The officer, on the other hand, may be the person most familiar with the particular circumstances of the child whose protection is being sought. Coupled together, the two individuals can work to secure the best interests of the child which undoubtedly was the primary concern of the Legislature. We, therefore, agree with the ruling rendered by the Family Court.

We modify the order, however, to reflect the proper reason for dismissal of the petition. The order incorrectly indicates that the petition was dismissed for failure to prove the allegations, when in fact, the reason for dismissal was lack of prosecution.

In view of our determination, we do not reach the other issues raised by WCSPCC on this appeal. Mangano, J. P., Thompson, Weinstein and Eiber, JJ., concur.