■ In the Matter of ALEXANDER ARMONAS et al., Respondents, v RICHARDSON PRATT, JR., et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Incorporated Village of Lloyd Harbor (hereinafter the Village), dated May 20, 1985, which denied the petitioners' application to place a parcel of land within a flood plain district into the residence A-1 district of the Village and to compel the Village Building Inspector to process the petitioners' application for a building and development permit for a single-family dwelling on the parcel, the

appeal is from a judgment of the Supreme Court, Suffolk County (McInerney, J.), dated October 14, 1986, which directed the Village Building Inspector (hereinafter Building Inspector) to process the petitioners' application for the permit.

Ordered that the judgment is reversed, on the law and the facts, the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioners have contracted to purchase a three-acre parcel of land located on the south side of Lloyd Harbor Road in Lloyd Harbor. The contract of sale was conditioned upon the petitioners obtaining a building permit for a single-family dwelling from the Building Inspector. The petitioners sought to obtain such a permit from the Building Inspector. However, the Building Inspector referred the petitioners to the Board of Trustees because the subject parcel is located in a zoning district designated by the Village as "Flood Plain District I" and the zoning ordinance prohibits the construction of dwellings in this district unless the Board of Trustees affirmatively votes to place the parcel in the residence A-1 zoning district (Zoning Ordinance of Incorporated Village of Lloyd Harbor §§ 7.03, 7.04). The petitioners maintain that they were not required to seek the approval of the Board of Trustees because the land upon which the residence was to be constructed is entirely within the Village's flood plain district II. The petitioners sought to ascertain the propriety of the Building Inspector's interpretation of the ordinance from the attorneys for the Village. Thereafter, without conceding their position, the petitioners sought to obtain the Board of Trustees' approval to place the subject parcel in the residence A-1 district. In order to obtain the approval of the Board of Trustees, the petitioners were required to submit an engineering plan which showed how the land would be reclaimed in accordance with the provisions of the ordinance so as to render it "as suitable for human habitation as is land in * * * Residence A-1 District" (Zoning Ordinance of Incorporated Village of Lloyd Harbor § 7.04 [A] [2] [a]). However, the petitioners did not modify their existing engineering plan which complied with the provisions of the ordinance relative to flood plain district II. As a result, the Board of Trustees passed a resolution denying the petitioners' application.

The petitioners then commenced the instant proceeding in which they contended that since the premises was located in flood plain district II, the Building Inspector was vested with authority to grant the building permit and that the Board of Trustees prior approval was unnecessary. The premise of

these contentions is that the two flood plain districts are separate and distinct. The appellants, however, claim that the location of the parcel falls within both flood plain district I and district II and, therefore, the petitioners were required to comply with the provisions of the ordinance applicable to both districts. The Supreme Court failed to address the merits of the parties' contentions but directed the Building Inspector to process the petitioners' application for a building permit.

On this appeal the appellants claim that reversal is warranted because the Building Inspector properly referred the matter to the Board of Trustees and that this latter body properly denied the petitioners' application because their engineering plan did not conform to the provisions of the ordinance which deals with flood plain district I. We find that the appellants' interpretation of the applicable sections of the ordinance is proper.

It is well established that where the plain language of a statute or ordinance is precise and unambiguous, it is determinative *(see, Matter of Washington Post Co. v New York State Ins. Dept.,* 61 NY2d 557, 565). Moreover, "[i]t is a well-settled principle of statutory construction that a statute or ordinance must be construed as a whole and that its various sections must be considered together and with reference to each other" *(People v Mobil Oil Corp.,* 48 NY2d 192, 199; McKinney's Cons Laws of NY, Book 1, Statutes §§ 97, 98, 130). Furthermore, "[m]eaning must be given to each and every word of a statute whenever possible" *(Matter of Sharon B.,* 127 AD2d 761, 763; McKinney's Cons Laws of NY, Book 1, Statutes § 231).

At bar, it is undisputed that the subject premises falls within the Village's flood plain district II. The only dispute concerns the Village's determination that it also falls within flood plain district I. The zoning ordinance states that flood plain district I consists of "all land within the Village subject to flooding by tide water rising to a height of twelve (12) feet above mean sea level" (Zoning Ordinance of Incorporated Village of Lloyd Harbor § 7.03). The survey map which was submitted by the petitioners' engineer shows that the subject parcel is below elevation 9. As such the land would be subject to flooding by tide water rising above elevation 12 and pursuant to the plain meaning of the statutory definition, would fall within flood plain district I. Since flood plain district II contains areas of special flood hazard which have been identified by the Federal Insurance Administration (Zoning Ordinance of Incorporated Village of Lloyd Harbor §§ 7.03, 7.05), where any of these identified areas are located at or below elevation

12 the two flood plain districts overlap. Thus, a reading of the ordinance as a whole clearly shows that the ordinance contemplates that the two districts may overlap. In fact, section 7.18 of the ordinance expressly recognizes this possibility. Thus, the petitioners' contention that the districts are separate and distinct lacks merit. Moreover, during the pendency of this proceeding, the Board of Trustees amended the zoning ordinance to provide that flood plain district I shall "consist of all land, including overlapping areas in flood plain district II, within the village subject to flooding by tide water rising to a height of 12 feet above mean sea level" (Local Laws, 1987, No. 2 of Village of Lloyd Harbor). We find that the appellants may rely on the amendment since the law as it exists at the time a decision is rendered on appeal is controlling *(see, Matter of Alscot Investing Corp. v Incorporated Vil. of Rockville Centre,* 64 NY2d 921; *cf., Matter of Pokoik v Silsdorf,* 40 NY2d 769; *Matter of Huntington Ready-Mix Concrete v Town of Southampton,* 112 AD2d 161), absent bad faith or delay which has not been demonstrated here *(see, Matter of Hatcher v Planning Bd.,* 111 AD2d 812). Thus we find that the petitioners were required to comply with the provisions in the ordinance with respect to both flood plain district I and district II. Since the petitioners did not comply with the provisions relative to flood plain district I, the Building Inspector properly referred the matter to the Board of Trustees *(see,* Zoning Ordinance of Incorporated Village of Lloyd Harbor § 16.5), and the Board of Trustees properly denied the application to have the parcel placed in the residence A-1 district *(see,* Zoning Ordinance of Incorporated Village of Lloyd Harbor § 7.04 [A]). Accordingly, the determination must be confirmed. Lawrence, J. P., Rubin, Eiber and Harwood, JJ., concur.