■ In the Matter of GILBERT AMDUR et al., Respondents, v VILLAGE OF QUOGUE et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Quogue, which denied the petitioners' application for a building permit, the appeal is from a judgment of the Supreme Court, Suffolk County (McCarthy, J.), entered January 5, 1988, which, *inter alia,* granted the petition and annulled the determination.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the proceeding is dismissed on the merits.

The petitioners, owners of a single-family condominium located on an approximately 12,400-square-foot parcel with three other single-family condominiums, applied to the Building Department for a building permit so that they could expand their living quarters into a garage underneath their dwelling and a shed adjoining the building. Their parcel is located in a zone which permits no more than one single-family dwelling per parcel and has a minimum lot area requirement of 43,500 square feet.

The petitioners' application was denied, and they thereafter appealed that determination to the Board of Appeals, arguing that (1) no variance is required, because the nonconformities from which the parcel suffers will not be increased by the proposed renovation, and (2) even if an area variance were required, the effect of granting such a variance would be minimal. The Board of Appeals denied the petitioners' application in its entirety. After noting the subject parcel's substantial nonconformity with respect to both use and area, the Board concluded that the petitioners were seeking to expand these nonconformities, and, thus, a variance was required. Upon considering the subject parcel in its entirety, and the strong policy favoring the eventual elimination of nonconforming uses, the Board determined that the petitioners failed to establish their entitlement to the required variances.

The petitioners subsequently commenced this proceeding to

review the Board's determination. They alleged that all they sought was permission to renovate a preexisting, nonconforming use, and needed no variance to do so. The Supreme Court agreed, and directed the Board to issue the petitioners a building permit. Ten days after the judgment was entered, the Village of Quogue amended its code to provide that where a parcel of land contains more than one one-family dwelling unit, it shall be deemed used for a nonconforming use and any expansion or increase in the living quarters space shall be prohibited unless a variance is obtained from the Board of Appeals.

As a general rule, a case must be decided in accordance with the law as it exists at the time of the decision *(see, Matter of Alscot Investing Corp. v Incorporated Vil. of Rockville Centre,* 64 NY2d 921; *Matter of Shopsin v Markowitz,* 130 AD2d 494).* Thus, absent a showing of bad faith or detrimental reliance, this court will apply the law in existence at the time a decision is made on appeal *(see, Matter of Armonas v Pratt,* 138 AD2d 697, 700; *Matter of Huntington Ready-Mix Concrete v Town of Southampton,* 112 AD2d 161). At bar, no showing of bad faith or detrimental reliance has been made, and, under the newly amended code, the petitioners are not entitled to a building permit without a use variance *(see,* Village of Quogue Code § 196-7 [B]). We note that the Board has not as yet had an opportunity to consider whether or not the petitioners are entitled to a use variance under the newly enacted provisions of the Village of Quogue Code.

Finally, we note that the petitioners' contention that this parcel should actually be considered four separate parcels by virtue of the fact that it contains four condominium units, each under separate ownership, is without merit *(see, North Fork Motel v Grigonis,* 93 AD2d 883). Bracken, J. P., Brown, Kunzeman and Kooper, JJ., concur.