■ In the Matter of QUIRINO LOMBARDI et al., Respondents, v ERNEST R. HABICHT et al., Appellants. [740 NYS2d 101] —In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Board of Trustees of the Incorporated Village of Old Field dated June 14, 2000, revoking and refusing to reissue a building permit issued to the petitioners, and a determination of the Board of Zoning Appeals of the Incorporated Village of Old Field, dated July 31, 2000, which imposed a condition upon the granting of the petitioners' application for a variance, the appeal is from a judgment of the Supreme Court, Suffolk County (Underwood, J.), dated September 1, 2000, which granted the petition.

Ordered that the judgment is affirmed, with costs.

In July 1999, the petitioners were issued a permit to construct a residence of approximately 10,000 square feet in

the Incorporated Village of Old Field (hereinafter the Village), pursuant to which construction commenced within two months. In June 2000, when the residence was 80% completed, the Trustees of the Village authorized the revocation of the permit, and the building inspector issued a stop-work order to the petitioners because, among other things, the structure was allegedly in violation of the 35-foot height limitation of the Village zoning code, which was enacted in 1995.

The petitioners then applied to the Village Board of Zoning Appeals (hereinafter the ZBA) for a variance from the height restrictions of the code. Before the ZBA hearing, the petitioners learned that the zoning code provision that the structure allegedly violated had not been referred to the Suffolk County Planning Commission as required by General Municipal Law § 239-m, and was therefore invalid (*see Matter of Burchetta v Town Bd. of Town of Carmel,* 167 AD2d 339). The petitioners contended that the height of the residence should be measured by the zoning provision in existence before the invalid amendment, pursuant to which the residence was compliant. Neither the Village nor the ZBA would accede to this request. The ZBA did, however, grant the petitioners a height variance on condition that they agree to record a covenant prohibiting subdivision of their property. The petitioners declined, and instituted this CPLR article 78 proceeding challenging both the revocation of the building permit and the ZBA determination. In answer to the petition, the appellants informed the court that in August 2000, the Trustees readopted the height provision pursuant to which the petitioners' permit had been rescinded. Accordingly, the appellants argued that the zoning law in effect at that time should govern, and that the petition should be denied. The Supreme Court determined that the petitioners' rights in the building permit had vested, that it therefore would not apply the recently adopted height provision, and granted the petition. We agree, and accordingly, affirm.

It is well settled that where an appeal or other proceeding is pending and a relevant zoning amendment has been adopted, the reviewing agency or the court must apply the zoning code as amended as the governing law existing at the time of its decision (*see Matter of Marasco v Zoning Bd. of Appeals of Vil. of Westbury,* 242 AD2d 724; *Matter of Amdur v Village of Quogue,* 156 AD2d 679). Where, however, the property owner has acquired vested rights, the new zoning ordinance will not apply (*see Best & Co. v Village of Garden City,* 247 App Div 893, *affd* 273 NY 564). A property owner acquires vested rights when "the owner has undertaken substantial construction and

made substantial expenditures prior to the effective date of the amendment" (*Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals of Inc. Vil. of New Hempstead,* 77 NY2d 114, 122). The Supreme Court properly determined that the petitioners had acquired vested rights by virtue of their major expenditures and the completion of 80% of the construction of the home pursuant to what was, ultimately, a validly-issued permit. Accordingly, the zoning provision newly enacted in 2000 did not apply, the residence was in compliance with the pre-1995 code, and the building permit should not have been revoked. The Supreme Court properly directed the issuance of a permit to the petitioners.

The appellants' remaining contentions are without merit. S. Miller, J.P., Krausman, H. Miller and Adams, JJ., concur.