■ In the Matter of QUIRINO LOMBARDI et al., Respondents, v ERNST R. HABICHT et al., Appellants. [740 NYS2d 103] —In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Board of Trustees of the Incorporated Village of Old Field dated June 14, 2000, revoking and refusing to reissue a building permit issued to the petitioners, and a determination of the Board of Zoning Appeals of the Incorporated Village of Old Field dated July 31, 2000, which imposed a condition upon the granting of the petitioners' application for a variance, the appeal is from an order of the Supreme Court, Suffolk County (Burke, J.), dated January 3, 2001, which granted the petitioners' motion pursuant to CPLR 5104 to hold the appellants in contempt of court for refusing to obey a judgment of the same court, dated September 1, 2000, and levied a fine in the amount of $12,000.

Ordered that the order is reversed, on the law, without costs or disbursements, and the motion is denied.

The facts underlying this appeal are set forth in *Matter of Lombardi v Habicht* (293 AD2d 474 [decided herewith]). After the entry of the Supreme Court judgment dated September 1, 2000, the petitioners served on the Trustees of the Incorporated Village of Old Field a demand for compliance with the judgment, requesting that they issue a building permit. The appellants thereafter filed a notice of appeal from the judgment, and issued a stop-work order to the petitioners upon learning of continued construction at the petitioners' site. The appellants also issued summonses to the petitioners with respect to their continued work on the residence, which was being performed in the absence of a valid building permit and was also beyond the scope of the original application and building permit. The petitioners, asserting that the appellants' actions were in viola-

tion of the judgment, moved to hold the appellants in contempt of court for refusing to obey the judgment.

The Supreme Court properly concluded that the decretal provision of the judgment directing the appellants to issue a building permit to the petitioners is executory and therefore subject to the automatic stay provision of CPLR 5519 (a) (1) (*see Matter of Pokoik v Department of Health Servs. of County of Suffolk,* 220 AD2d 13).

We disagree, however, with the determination of the Supreme Court that the appellants' issuance of the stop-work order and summonses was in violation of those portions of the judgment which vacated and set aside the appellants' determinations, and therefore warranted a finding of civil contempt. Those portions of the judgment were not clearly and unequivocally self-executing nor prohibitory (*see Matter of Pokoik v Department of Health Servs. of County of Suffolk, supra*; *State of New York v Haverstraw,* 219 AD2d 64) so as to warrant a contempt finding (*see Matter of King v King,* 249 AD2d 395). S. Miller, J.P., Krausman, H. Miller and Adams, JJ., concur.