■ EUGENIA NICOLAKIS, Appellant, v PHILIP ROTELLA et al., Respondents. [806 NYS2d 700]—

In an action pursuant to 42 USC § 1983 to recover damages for the taking of property in violation of the Fifth and Fourteenth Amendments to the United States Constitution, the plaintiff appeals from an order of the Supreme Court, Rockland County (Bergerman, J.), dated September 20, 2004, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

"In the land-use context, 42 USC § 1983 protects against municipal actions that violate a property owner's rights to due process, equal protection of the laws and just compensation for the taking of property under the Fifth and Fourteenth Amendments to the United States Constitution" (*Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617, 626 [2004]; *see Town of Orangetown v Magee*, 88 NY2d 41, 49 [1996]). In order to succeed on a claim for damages pursuant to 42 USC § 1983, a plaintiff must establish (1) deprivation of a "cognizable property interest, meaning a vested property interest" (2) as a result of governmental action taken "wholly without legal justification" (*Bower Assoc. v Town of Pleasant Val., supra* at 627; *see Town of Orangetown v Magee, supra* at 52-53).

Applying those standards, the defendants established their prima facie entitlement to judgment as a matter of law. Specifically, the defendants tendered undisputed evidence that the plaintiff never applied for a permit to allow her tenant to operate a fruit and vegetable stand on her property. As a result, the issuance by the defendant Garrett Freeman, the Building Inspector for the Town of Haverstraw (hereinafter the Building Inspector), of a 30-day notice to abate the illegal use on the subject property was not "wholly without legal justification" (*Bower Assoc. v Town of Pleasant Val., supra* at 627). Moreover, the record reflects that the plaintiff subsequently withdrew, without prejudice, her administrative appeal of the Building Inspector's determination and decided instead to seek a variance to permit the operation of the fruit and vegetable stand. Pending determination of the variance application, the defendants permitted the plaintiff to continue existing commercial

operations on her property. However, when the plaintiff failed for several months to submit a proper variance application, the violation was restored. Ultimately, the matter was settled by stipulation whereby the Town of Haverstraw dismissed all charges against the plaintiff and the plaintiff agreed not to expand existing commercial uses on her property without securing appropriate approval from the Town's planning board or zoning board. Under these circumstances, the defendants have also established, prima facie, that the plaintiff was not deprived of any vested property interest (*id.*).

In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.

In light of our determination, we do not reach the parties' remaining contentions. Florio, J.P., Schmidt, Fisher and Dillon, JJ., concur.