■ Parviz Noghrey, Respondent-Appellant, v Town of Brookhaven et al., Appellants-Respondents. [852 NYS2d 220]—

In an action, inter alia, to recover damages for a regulatory taking of property without just compensation, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Whelan, J.), entered April 28, 2006, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $1,647,000, and the plaintiff cross-appeals from the same judgment.

Ordered that the cross appeal by the plaintiff is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial on so much of the third, sixth, ninth, and twelfth causes of action of the amended complaint as asserted partial regulatory takings of property without just compensation pursuant to 42 USC § 1983; and it further,

Ordered that the defendants are awarded one bill of costs.

The plaintiff's cross appeal from the judgment must be dismissed on the ground that he is not aggrieved thereby (*see* CPLR 5511). The issues raised on the cross appeal have been considered in support of the plaintiff's contention that the judgment appealed from should be affirmed (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539 [1983]).

In 1985 the plaintiff purchased two parcels of real property on Middle Country Road in the Town of Brookhaven, with the intention of building shopping plazas. At the time of the purchases, the properties were zoned J-2 Business, which permits the construction of shopping plazas. In 1987 the Town enacted a moratorium on new commercial development in certain areas while it reviewed and updated the Town's master plan. After the review, the Town changed the zoning on numerous parcels, including those owned by the plaintiff, from J-2 business to B-1 residence. The rezoning was effective February 14, 1989.

The plaintiff then commenced this action alleging, inter alia, that the rezoning effectuated an unconstitutional taking of his property in violation of both the state and federal constitutions. After many years of motion practice and appeals in both state

and federal courts (*see Noghrey v Town of Brookhaven,* 21 AD3d 1016 [2005]), the matter went to trial in the Supreme Court, Suffolk County, on the takings causes of action. After trial, the jury found that the plaintiff had not established a total regulatory taking under federal law pursuant to *Lucas v South Carolina Coastal Council* (505 US 1003 [1992]), nor any of his state law claims. The jury found, however, that the plaintiff had established a partial regulatory taking under federal law pursuant to the balancing of factors test articulated in *Penn Central Transp. Co. v New York City* (438 US 104 [1978]). The Town appeals and we reverse and remit the matter to the Supreme Court, Suffolk County, for a new trial on that contention.

Errors in the jury charge necessitate reversal. When charging the jury regarding the federal partial regulatory takings under *Penn Central Transp. Co. v New York City* (438 US 104 [1978]), the court instructed the jury:

"With respect to the first factor; that is, the economic impact of the regulation, [the plaintiff] claims that the values of his properties were reduced substantially. You may consider the values of the properties immediately before and immediately after the rezoning, and whether or not this reduction in value was a *substantial reduction* relative to the value before the properties were rezoned. [The plaintiff] must prove by a preponderance of the evidence that the rezoning deprived him of any use permitted by the residential zoning classification and this resulted in . . . a near total or *substantial decrease or significant reduction in value*" (emphasis added).

This charge was insufficient to convey the proper standard by which to evaluate the economic impact of the rezoning for the purpose of determining whether, under federal law, there was a taking.

While the United States Supreme Court has eschewed any set formula for determining whether a regulation constitutes a *Penn Central* taking (*see Tahoe-Sierra Preservation Council, Inc. v Tahoe Regional Planning Agency,* 535 US 302, 326 [2002]; *Palazzolo v Rhode Island,* 533 US 606, 617 [2001]), it has also indicated that such a taking requires a diminution in value which is "one step short of complete," citing as an example a 95% diminution in value (*Lucas v South Carolina Coastal Council,* 505 US 1003, 1019 n 8 [1992]). The Court has further held that "a mere diminution in the value of property, however serious, is insufficient to demonstrate a taking" (*Concrete Pipe & Products of Cal., Inc. v Construction Laborers Pension Trust for Southern Cal.,* 508 US 602, 645 [1993]). In making this statement, the Court cited cases in which a significant diminution in

value was insufficient to support a *Penn Central* taking (*see Village of Euclid v Ambler Realty Co.,* 272 US 365 [1926] [approximately 75% diminution in value]; *Hadacheck v Sebastian,* 239 US 394 [1915] [92.5% diminution]). Lower federal courts have likewise rejected *Penn Central* claims where the diminution in value caused by a regulation approached or exceeded 90% of the pre-regulation value (*see Rith Energy, Inc. v U.S.,* 270 F3d 1347, 1352 [2001], *cert denied* 536 US 958 [2002]; *Pompa Constr. Corp. v City of Saratoga Springs,* 706 F2d 418, 425 [1983]; *William C. Haas & Co., Inc. v City & County of San Francisco, Cal.,* 605 F2d 1117, 1120 [1979], *cert denied* 445 US 928 [1980], *reh denied* 446 US 929 [1980]; *cf. Loveladies Harbor, Inc. v U.S.,* 28 F3d 1171 [1994] [*Penn Central* taking found for 99.5% loss]).

In an opinion adopted by the Federal Circuit, the Federal Court of Claims recently stated: "while courts have struggled with the dichotomy between compensable 'partial takings' and noncompensable 'mere diminutions,' searching for a threshold beyond which diminution would be indicative of a taking, several Supreme Court decisions suggest that diminutions in value approaching 85 to 90 percent do not necessarily dictate the existence of a taking. This court likewise has generally relied on diminutions well in excess of 85 percent before finding a regulatory taking" (*Brace v United States,* 72 Fed Cl 337, 357 [2006], *affd on op below* 250 Fed Appx 359 [Fed Cir 2007]).

The Supreme Court's charge in the instant case did not convey the applicable standard. The terms "substantial" and "significant" were insufficient to convey the extent of diminution necessary to support a taking. Moreover, this error was exacerbated by other errors in the charge, including the inclusion of the "mere diminution" language in the portion of the charge related to total regulatory takings under *Lucas,* instead of during its explanation of partial takings under *Penn Central* (*see Concrete Pipe & Products of Cal., Inc. v Construction Laborers Pension Trust for Southern Cal.,* 508 US 602, 645 [1993]; *Brace v United States,* 72 Fed Cl 337, 357 [2006], *affd on op below* 250 Fed Appx 359 [Fed Cir 2007]).

These errors were not harmless. Accordingly, the matter must be remitted to the Supreme Court, Suffolk County, for a new trial on the plaintiff's partial regulatory taking claims asserted pursuant to 42 USC § 1983. Upon the retrial, the Supreme Court should instruct the jury that the economic impact factor of the *Penn Central* analysis requires a loss in value which is "one step short of complete" (*Lucas v South Carolina Coastal Council,* 505 US 1003, 1019 n 8 [1992]). The court should make

clear that "mere diminution in the value of property, however serious, is insufficient to demonstrate a taking" (*Concrete Pipe & Products of Cal., Inc. v Construction Laborers Pension Trust for Southern Cal.,* 508 US 602, 645 [1993]), and that a land use restriction "is not rendered unconstitutional merely because it causes the property's value to be 'substantially reduced' " (*Putnam County Natl. Bank v City of New York,* 37 AD3d 575, 577 [2007], quoting *de St. Aubin v Flacke,* 68 NY2d 66, 77 [1986]). It should instruct the jury that the proper inquiry is whether the regulation left only a "bare residue" of value, or use similar language which would properly convey to the jury the high threshold of loss necessary to support a partial regulatory taking (*de St. Aubin v Flacke,* 68 NY2d 66, 77 [1986]; *see Brace v United States,* 72 Fed Cl 337, 357 [2006], *affd on op below* 250 Fed Appx 359 [Fed Cir 2007]; *Pompa Constr. Corp. v City of Saratoga Springs,* 706 F2d 418, 425 [1983]; *Matter of Friedenburg v New York State Dept. of Envtl. Conservation,* 3 AD3d 86, 96-98 [2003]).

We note that, should the plaintiff prevail at the retrial, prejudgment interest on any federal takings award should be determined by the "reasonably prudent investor" standard (*see Schneider v County of San Diego,* 285 F3d 784, 793-794 [2002]; *United States v 50.50 Acres of Land,* 931 F2d 1349, 1354 [1991]; *see also Monongahela Nav. Co. v United States,* 148 US 312, 327 [1893]; *Schwimmer v Allstate Ins. Co.,* 176 F3d 648, 650 [1999]).

The parties' remaining contentions are without merit (*see Tatro v Kervin,* 41 F3d 9, 14 [1994]; *W.J.F. Realty Corp. v Town of Southampton,* 220 F Supp 2d 140, 149 [2002]; *Barry v Long Is. Univ.,* 8 AD3d 519 [2004]). Spolzino, J.P., Skelos, Florio and Dickerson, JJ., concur.