PARVIZ NOGHREY, Respondent, v TOWN OF BROOKHAVEN et al., Appellants. [938 NYS2d 613]—

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the amended judgment (*see* CPLR 5501 [a] [1]). The appeal from the judgment must be dismissed as the judgment was superseded by the amended judgment.

The salient facts concerning the plaintiff's claim that a comprehensive rezoning by the Town of Brookhaven effectuated a partial regulatory taking without just compensation of his two properties known as Liberty Plaza and Diamond Plaza are set forth in this Court's decision on a prior appeal (*see Noghrey v Town of Brookhaven*, 48 AD3d 529 [2008]). On the prior appeal, this Court determined that the jury charge failed to convey the extent of diminution in value necessary to support a partial regulatory taking under federal law, pursuant to *Penn Central Transp. Co. v New York City* (438 US 104 [1978]), necessitating reversal of a judgment entered in favor of the plaintiff. A new trial was held on that claim, after which the jury found that the rezoning effectuated a *Penn Central* taking of the plaintiff's two properties. The jury found that the plaintiff sustained damages in the principal sum of $1,202,000 ($842,000 for the property known as Diamond Plaza and $360,000 for the property known as Liberty Plaza). The Supreme Court denied the defendants' motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law, or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial.

The plaintiff then submitted a proposed judgment with prejudgment interest calculations, supported by the affidavit of an investment manager who affirmed that such were in accordance with the standard of a "reasonably prudent investor."

Over the defendants' opposition, the Supreme Court accepted the plaintiff's proffered prejudgment interest calculations and entered judgment in his favor accordingly. An amended judgment was thereafter entered.

Contrary to the defendants' contention, the finding that the rezoning effectuated a partial regulatory taking of the two properties under federal law was supported by legally sufficient evidence (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *see also Penn Central Transp. Co. v New York City*, 438 US at 124).

However, the jury verdict with respect to the property known as Liberty Plaza was inconsistent and contrary to the weight of the evidence. The jury was instructed that damages were to be assessed by determining the value of the properties immediately before and immediately after the rezoning. The difference between those two values would be the plaintiff's damages. Given the expert testimony, the lowest value which could be ascribed to Liberty Plaza prior to the rezoning was $776,500. The damages award of $360,000 represented only a 46% loss in value from that figure. Such a diminution in value cannot support a finding that a regulatory taking occurred (*see Noghrey v Town of Brookhaven*, 48 AD3d at 531-532 [and collected cases]). Accordingly, there was no fair interpretation of the evidence by which the jury could have found both that the rezoning effectuated a regulatory taking of Liberty Plaza and that the plaintiff's damages as to that property were only $360,000. Thus, the Supreme Court should have granted that branch of the defendants' motion pursuant to CPLR 4404 (a) which was to set aside the verdict with respect to Liberty Plaza as contrary to the weight of the evidence and for a new trial with respect to that property. We decline the defendants' request to direct the Supreme Court, upon retrial, to submit specific interrogatories to the jury (*see* CPLR 4111 [c]; *Lunn v County of Nassau*, 115 AD2d 457, 458 [1985]).

There was a fair interpretation of the evidence supporting the jury's verdict with respect to the property known as Diamond Plaza, and that portion of the verdict will therefore not be disturbed (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Ward v Watson*, 72 AD3d 808, 809 [2010]; *Chase Manhattan Bank v State of New York*, 103 AD2d 211, 223-224 [1984]).

Furthermore, the Supreme Court properly accepted the plaintiff's proffered calculations of prejudgment interest in accordance with the "reasonably prudent investor" standard (*see Schneider v County of San Diego,* 285 F3d 784, 793-794 [2002]; *United States v 50.50 Acres of Land,* 931 F2d 1349, 1354 [1991];

*520 E. 81st St. Assoc. v State of New York*, 19 AD3d 24, 28 [2005]).

Accordingly, so much of the ninth and twelfth causes of action of the amended complaint as alleged a partial regulatory taking of the property known as Liberty Plaza without just compensation pursuant to 48 USC § 1983 are severed, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial on those portions of the ninth and twelfth causes of actions and for a recalculation of interest on the damages award pertaining to the property known as Diamond Plaza, and thereafter for the entry of appropriate amended judgments. Dillon, J.P., Dickerson, Eng and Leventhal, JJ., concur.