■ In the Matter of ANDREW ROSENBERG et al., Appellants, v NEW YORK STATE OFFICE OF PARKS, RECREATION, AND HISTORIC PRESERVATION, et al., Respondents. [17 NYS3d 479]—

In an action, inter alia, for a judgment declaring that the New York State Office of Parks, Recreation, and Historic Preservation has no ownership interests in a certain bridle path, Andrew Rosenberg and Sandra Holden appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Hubert, J.), entered November 22, 2013, as denied their motion for leave to amend the complaint and that branch of their separate motion which was for an attorney's fee and costs, plus $250, pursuant to Judiciary Law § 773.

Ordered that the order is affirmed insofar as appealed from, with costs.

This matter has been before this Court on a prior appeal (*see Matter of Rosenberg v New York State Off. of Parks, Recreation, & Historic Preserv.*, 94 AD3d 1006 [2012]). The plaintiffs now argue that the Supreme Court improperly denied their motion for leave to amend the complaint to assert causes of action alleging substantive due process and equal protection violations under the United States and New York Constitutions.

Where no prejudice or surprise results from the delay in seeking leave to amend a pleading, "such applications are to be

freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Lucido v Mancuso*, 49 AD3d 220, 222 [2008]; *accord Clarke v Laidlaw Tr., Inc.*, 125 AD3d 920, 922 [2015]; *see Jones v LeFrance Leasing Ltd. Partnership*, 127 AD3d 819, 821 [2015]; *Galanova v Safir*, 127 AD3d 686, 687 [2015]; *Ricca v Valenti*, 24 AD3d 647, 648 [2005]). "A determination whether to grant such leave is within the Supreme Court's broad discretion" and will not be lightly disturbed (*Galanova v Safir*, 127 AD3d at 687 [internal quotation marks omitted]). Here, the causes of action proposed by the plaintiffs are patently devoid of merit. Accordingly, the Supreme Court properly denied the plaintiffs' motion for leave to amend the complaint to assert them (*see Village of Willowbrook v Olech*, 528 US 562, 564 [2000]; *Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617, 627 [2004]; *Sonne v Board of Trustees of Vil. of Suffern*, 67 AD3d 192, 200-202 [2009]; *Nicolakis v Rotella*, 24 AD3d 739, 740 [2005]).

The Supreme Court also properly denied that branch of the plaintiffs' separate motion which was for an attorney's fee and costs, plus $250, pursuant to Judiciary Law § 773. "[O]n a motion to punish for civil contempt, a finding of civil contempt is the prerequisite for imposing attorneys' fees" (*Kiperman v Steinberg*, 234 AD2d 518, 519 [1996]; *see Matter of Romanello v Davis*, 49 AD3d 652, 654 [2008]). Here, however, the court expressly denied that branch of the plaintiffs' motion which was for a finding of civil contempt, and the plaintiffs have not appealed from that portion of the order. Thus, denial of the statutory award was proper.

The plaintiffs' remaining contentions are without merit. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.