Noghrey v Town of Brookhaven (2019 NY Slip Op 00450)





Noghrey v Town of Brookhaven


2019 NY Slip Op 00450


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-07189
 (Index No. 18557/01)

[*1]Parviz Noghrey, appellant,
v
Town of Brookhaven, et al., respondents.


Gleich, Farkas & Emouna LLP, Great Neck, NY (Stephan B. Gleich, Lawrence W. Farkas, and Lara P. Emouna of counsel), for appellant.
Meyer, Suozzi, English & Klein, P.C., Garden City, NY (Paul F. Millus and Daniel B. Rinaldi of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for a regulatory taking of property without just compensation, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Joseph Farneti, J.), entered June 2, 2017. The judgment, upon a jury verdict, and upon an order of the same court dated March 10, 2017, denying the plaintiff's motion pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendants and against the plaintiff, dismissing the 9th and 12th causes of action of the amended complaint.
ORDERED that the judgment is affirmed, with costs.
In 1985, the plaintiff purchased two parcels of real property, known as Liberty Plaza and Diamond Plaza, which were located .85 miles away from each other on Middle Country Road in the Town of Brookhaven, with the intention of building shopping plazas (see Noghrey v Town of Brookhaven, 48 AD3d 529, 530). At the time the plaintiff purchased the properties, they were zoned for J-2 business, which permitted the construction of shopping plazas (see id. at 530). In 1989, the Town changed the zoning of numerous parcels, including Liberty Plaza and Diamond Plaza, from J-2 business to B-1 residence (id). The salient facts concerning the plaintiff's claim that this rezoning effectuated a partial regulatory taking without just compensation of Liberty Plaza are set forth in this Court's decisions and orders on prior appeals (see Noghrey v Town of Brookhaven, 92 AD3d 851; Noghrey v Town of Brookhaven, 48 AD3d 529). On the most recent appeal, this Court determined that the jury's finding that the rezoning effectuated a partial regulatory taking of Liberty Plaza was inconsistent and contrary to the weight of the evidence because there was no fair interpretation of the evidence by which the jury could have found both that the rezoning effectuated a regulatory taking of Liberty Plaza and that the plaintiff's damages as to that property were only $360,000. The 9th and 12th causes of action, which related to Liberty Plaza, were severed and remitted to the Supreme Court, Suffolk County, for a new trial (see Noghrey v Town of Brookhaven, 92 AD3d 851). Following the retrial, the jury found in favor of the defendants. The court denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law in his favor or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial. A judgment was entered on June 2, 2017, in favor of the defendants and against the plaintiff, dismissing the 9th and 12th causes of action of the amended complaint. The plaintiff appeals.
Contrary to the plaintiff's contention, there are no extraordinary circumstances that warrant reconsidering our prior determination in a decision and order dated February 13, 2008, on a prior appeal (see Aurora Loan Servs., LLC v Grant, 88 AD3d 929; see generally Noghrey v Town of Brookhaven, 48 AD3d 529).
The plaintiff's contention that, based on our decision and order dated February 21, 2012 (92 AD3d 851) (hereinafter the 2012 decision), the defendant should be collaterally estopped from contesting that there had been a regulatory taking of Liberty Plaza is unpersuasive. In the 2012 decision, we upheld a jury verdict finding a regulatory taking in favor of the plaintiff in relation to Diamond Plaza. However, we also concluded that the jury's finding of a regulatory taking as to Liberty Plaza was inconsistent and contrary to the weight of the evidence. We therefore held that new trial should be held with respect to Liberty Plaza. As the circumstances involving Liberty Plaza are factually distinct from those presented as to Diamond Plaza, collateral estoppel did not apply to establish any of the factors as to Liberty Plaza (see Matter of Howard v Stature Elec., Inc., 20 NY3d 522, 525; see generally Noghrey v Town of Brookhaven, 92 AD3d 851).
We agree with the Supreme Court's determination, on retrial, denying the plaintiff's motion to preclude or strike the testimony of the defendants' expert as unreliable or consisting of inadmissible hearsay (see Malanga v City of New York, 300 AD2d 549, 550; Matter of Ames Dept. Stores v Assessor of Town of Greenport, 276 AD2d 890, 891-892; cf. Casiero v Stamer, 308 AD2d 499, 500). The claimed deficiencies in the expert's appraisal went to the weight to be given the expert's testimony, not its admissibility (see White Knight NYC Ventures, LLC v 15 W. 17th St., LLC, 110 AD3d 576, 577; National Fuel Gas Supply Corp. v Goodremote, 13 AD3d 1134, 1135).
We also agree with the Supreme Court's denial of the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the defendants and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial. There was a valid line of reasoning and permissible inferences from which the jury could rationally conclude that the rezoning did not effectuate a partial regulatory taking of Liberty Plaza (see Cohen v Hallmark Cards, 45 NY2d 493, 499). Moreover, given the conflicting expert testimony regarding the diminution in value of Liberty Plaza, and the character of the government action as a comprehensive rezoning, the verdict in favor of the defendants was based on a fair interpretation of the evidence and, therefore, was not contrary to the weight of the evidence (see Yanyak v Rosenman, 134 AD3d 817, 819; Albano v K.R. & S. Auto Repair, Inc., 123 AD3d 748, 749-750; see also Penn Central Transp. Co. v New York City, 438 US at 124; Adams v Village of Wesley Chapel, 259 Fed Appx 545, 549 [4th Cir 2007]).
The plaintiff's remaining contentions are either without merit or not properly before this Court.
ROMAN, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court