Dagro Assoc., LLC v City of Yonkers (2026 NY Slip Op 01032)

Dagro Assoc., LLC v City of Yonkers

2026 NY Slip Op 01032

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2023-12372
2024-06293
 (Index No. 59406/20)

[*1]Dagro Associates, LLC, appellant,
vCity of Yonkers, respondent.

Smith, Buss & Jacobs, LLP, Yonkers, NY (John J. Malley and Avi Strauss of counsel), for appellant.
Harris Beach PLLC, White Plains, NY (Darius P. Chafizadeh and James P. Nonkes of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for a regulatory taking of property without just compensation, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Nancy Quinn Koba, J.), dated November 3, 2023, and (2) an order of the same court dated April 19, 2024. The order dated November 3, 2023, insofar as appealed from, granted those branches of the defendant's motion which were for summary judgment dismissing the first through fourth causes of action. The order dated April 19, 2024, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to renew its opposition to those branches of the defendant's prior motion which were for summary judgment dismissing the first through fourth causes of action.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
In 1994, Antonio Milio and Guiseppe Milio (hereinafter together the Milios) purchased a parcel of undeveloped property located in the defendant, City of Yonkers. At the time of the purchase, the property was zoned for commercial use. In 2011, the Milios transferred title to the property to the plaintiff. In February 2013, the plaintiff entered into a contract to sell the property to MJM Travel Group, Inc. (hereinafter MJM), for the sum of $1,275,000. MJM intended to use the property for a transportation service business. The contract contained a governmental approvals contingency clause, which conditioned MJM's duty to purchase the property on its ability to obtain the necessary permits and approvals. In March 2013, MJM submitted an application for site plan approval to the Planning Board of the City of Yonkers (hereinafter the Planning Board). On December 11, 2013, the Planning Board denied the application. In June 2014, the defendant changed the zoning of the plaintiff's property from commercial to residential. MJM then exercised its right to cancel the contract.
In August 2020, the plaintiff commenced this action, alleging, inter alia, violations of its substantive and procedural due process rights, inverse condemnation, and the unconstitutional taking of its property in violation of both the state and federal constitutions. The defendant moved, among other things, for summary judgment dismissing the first through fourth causes of action. In [*2]an order dated November 3, 2023, the Supreme Court, inter alia, granted those branches of the defendant's motion. Thereafter, the plaintiff moved, among other things, for leave to renew its opposition to those branches of the defendant's prior motion which were for summary judgment dismissing the first through fourth causes of action. In an order dated April 19, 2024, the court, inter alia, denied that branch of the plaintiff's motion. The plaintiff appeals.
The Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of the plaintiff's substantive due process rights. In order to establish a substantive due process violation in the land-use context, the plaintiff must establish: (1) "deprivation of a vested property interest"; and (2) "that the challenged governmental action was wholly without legal justification" (Glacial Aggregates LLC v Town of Yorkshire, 14 NY3d 127, 136; see Nicolakis v Rotella, 24 AD3d 739, 740). A property owner acquires vested rights to the existing zoning status of his or her land when he or she "has undertaken substantial construction and made substantial expenditures prior to the effective date of the amendment" (Matter of Lombardi v Habicht, 293 AD2d 474, 475-476 [internal quotation marks omitted]; see Town of Orangetown v Magee, 88 NY2d 41, 47). Here, the defendant established, prima facie, that the plaintiff did not have a vested property interest in the commercial use of its property, as no construction had begun prior to the effective date of the ordinance (see Greenport Group, LLC v Town Bd. of the Town of Southold, 167 AD3d 575, 578; Matter of Berman v Warshavsky, 256 AD2d 334, 335-336). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff did not provide evidence of substantial expenditures that had been made beyond the normal costs of maintaining the property or evidence of any construction that had begun. Contrary to the plaintiff's contention, the plaintiff's property interest in the commercial use of its property did not vest under the doctrine of equitable estoppel, since there was no evidence that the defendant engaged in misconduct or extraordinary delay in an attempt to prevent the vesting of that property interest (see Cymbidium Dev. Corp. v Smith, 133 AD2d 605, 608; Matter of Mascony Transp. & Ferry Serv. v Richmond, 71 AD2d 896, affd 49 NY2d 969). The plaintiff did not provide any indication that the Planning Board's delay in acting on the application for site plan approval was undertaken in bad faith to prevent the plaintiff's property rights from vesting.
The Supreme Court also properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of the plaintiff's procedural due process rights. A procedural due process analysis addresses two questions: "the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient" (Kentucky Dept. of Corr. v Thompson, 490 US 454, 460 [citation omitted]; see Shakur v Selsky, 391 F3d 106, 118). Here, because the plaintiff did not have a vested property interest in the commercial zoning classification of its property, its cause of action alleging a violation of its procedural due process rights fails (see Azizi v Thornburgh, 908 F2d 1130, 1134; Orange Lake Assoc., Inc. v Kirkpatrick, 825 F Supp 1169, 1178, affd 21 F3d 1214).
The Supreme Court properly granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging inverse condemnation and an unconstitutional taking of the plaintiff's property in violation of both the state and federal constitutions. "In a modern inverse condemnation action, an owner whose property has been taken de facto may sue the entity that took it to obtain just compensation" (Corsello v Verizon N.Y., Inc., 18 NY3d 777, 786). "To succeed on an inverse condemnation claim, a property owner must show that the government has intruded onto the owner's property and interfered with the owner's property rights to such a degree that the conduct amounts to a constitutional taking" (Matter of Willis Ave. Bridge Replacement, 177 AD3d 453, 455 [brackets and internal quotation marks omitted]). In determining whether a zoning ordinance effects a taking, courts consider: "(1) [t]he economic impact of the regulation on the claimant; (2) the extent to which the regulation has interfered with distinct investment-backed expectations; and (3) the character of the governmental action" (Blue Is. Dev., LLC v Town of Hempstead, 131 AD3d 497, 502 [internal quotation marks omitted]; see Penn Cent. Transp. Co. v City of New York, 438 US 104, 124). "[T]he mere diminution in the value of property, however serious, is insufficient to demonstrate a taking" (Greenport Group, LLC v Town Bd. of the [*3]Town of Southold, 167 AD3d at 578 [internal quotation marks omitted]; see de St. Aubin v Flacke, 68 NY2d 66, 76-77). The extent of monetary diminution necessary to support a conclusion that there was a taking requires a loss in value "one step short of complete" (Noghrey v Town of Brookhaven, 48 AD3d 529, 532 [internal quotation marks omitted]). Here, upon consideration of the relevant factors, the defendant established, prima facie, that the rezoning of the plaintiff's property was not an unconstitutional taking. The rezoning did not interfere with investment-backed expectations insofar as the MJM sale had not yet closed and there was no indication that any significant investment had been made in the property based on its commercial zoning. The character of the governmental action in this case was not a physical intrusion but was regulatory in nature (see Penn Cent. Transp. Co. v City of New York, 438 US at 124). Moreover, although the rezoning allegedly had the impact of diminishing the value of the plaintiff's property, it did not deprive the property of economic value to such a degree that a taking was effected (see Greenport Group, LLC v Town Bd. of the Town of Southold, 167 AD3d at 578; Matter of New Cr. Bluebelt, Phase 4, 122 AD3d 859, 862). In opposition, the plaintiff failed to raise a triable issue of fact.
Finally, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew its opposition to those branches of the defendant's prior motion which were for summary judgment dismissing the first through fourth causes of action. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]). "Where the party seeking renewal fails to provide a reasonable justification for not presenting the new facts on the prior motion, the court lacks discretion to grant renewal" (Caronia v Peluso, 170 AD3d 649, 651). Here, the plaintiff failed to provide a reasonable justification for failing to present the allegedly new facts in its original opposition to those branches of the defendant's motion which were for summary judgment dismissing the first through fourth causes of action (see Bockstruck v Town of Islip, 219 AD3d 439, 442-443; Caronia v Peluso, 170 AD3d at 651).
Accordingly, the Supreme Court properly granted those branches of the defendant's motion which were for summary judgment dismissing the first through fourth causes of action and denied that branch of the plaintiff's motion which was for leave to renew its opposition to those branches of the defendant's prior motion which were for summary judgment dismissing the first through fourth causes of action.
LASALLE, P.J., DILLON, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court